Spurgeon E. Bell, State's Atty., of Austin, for the state.

GRAVES, Judge.

Appellant was indicted by the grand jury of Fisher County, charged with driving an automobile upon a public highway in that county while intoxicated, the date of the offense being alleged to be February 8, 1941. At the October term, 1941, this cause was by the District Court transferred to the County Court, such alleged offense having been by the 47th Legislature reduced to a misdemeanor, said law taking effect June 17, 1941. Vernon's Ann.P.C. art. 802. This was a correct procedure under Art. 13, P.C., the punishment being ameliorated under the last statute relative thereto.

There are no bills of exceptions nor any statement of facts in the record. All proceedings appearing to be regular, the judgment is affirmed.

**MASTEN v. MASTEN et al.**

No. 14426.

Court of Civil Appeals of Texas.
Ft. Worth

Oct. 9, 1942.

348

E. D. Hurt and Esir Tobolowsky, both of Dallas, for appellant.

Wm. C. Culp and L. V. Henry, Jr., both of Gainesville, for appellees.

SPEER, Justice.

This appeal involves a contest by one of the parties of the report of commissioners appointed by the court in a partition suit.

J. B. Masten and his wife, C. A. Masten, both deceased, owned about 906 acres of land in Cooke County, which was apparently community property between them. J. B. Masten predeceased his wife and left no will. The wife died testate, bequeathing her property in equal parts to the fourteen children of herself and husband, except as to one daughter, to whom she gave a life estate with remainder to her children. The will and the interest of the remaindermen are not involved in this suit.

T. J. Masten and several of his brothers and sisters, joined by representatives of a deceased brother, filed suit for partition of the land as against their brother, Perry Masten, the remaining brothers and sisters, remaindermen and certain banks, representatives of closed banks, judgment and lien creditors and assignees of the brothers and sisters not named in the petition as parties. No question is raised as to necessary parties, nor as to interest owned by any party to the suit. No useful purpose would be served in naming the parties. The petition describes the land by metes and bounds, and adequately alleges the interest of each.

Tried to the court, judgment was entered finding that the land was capable of partition, and determined the interest of each party as provided by Rule No. 760, Texas Rules Civil Procedure. Henry Roberson, R. L. Stinnett and Frank Cobble were appointed by the court as commissioners to make the partition. G. C. Cartwright, a surveyor, was appointed to assist the commissioners. At the time named in the writ of partition, the commissioners' verified report was filed. The report was signed and sworn to by only two commissioners, Roberson and Stinnett. Attached to and made a part of the report was a plat of all the land, showing what portion was set apart to each of the claimants.

Defendant Perry Masten timely filed his objections to the commissioners' report, as provided by Rule No. 771, Texas Rules Civil Procedure. Allegations were made that the portion allotted to him as a result of said report was unequal, unjust and unfair, because, (1) the land set apart to him was not of an equal value to one-fourteenth of the whole, (2) the commissioners did not attempt to carefully view each of the properties involved as ordered by the court in its writ of partition, (3) did not attempt to ascertain which was good and which was not good land, (4) the commissioners did not consult with Cartwright, the surveyor, in their deliberations, and (5) commissioners Roberson and Stinnett did not consult with commissioner Cobble with reference to the value of the land.

The court heard the objections urged and the testimony offered in support of each, found against the contention of the defendant Perry Masten, approved the report of the commissioners and entered judgment thereon. From the judgment so entered this appeal was perfected.

Points of error relied upon for reversal by Perry Masten, to whom we shall refer as appellant, are, (a) error of the court in approving the report when two of the commissioners did not consult and deliberate with the third with reference to the value of lands involved, (b) error

in approving the report when the appointed commissioners did not consult with the surveyor appointed by the court, (c) error in approving the report when the appointed commissioners did not attempt to carefully view the land and did not attempt to ascertain the values of the lands involved but made their report from consulting a previous partition proceeding and by using the values therein set out.

After a study of the entire record and the points raised, we have concluded that no reversible error is shown.

■ At the time involved here, former statutes beginning with Article 6083, R.C.S., relating to partition of real estate and the procedure to be followed, have been superseded by our Texas Rules of Civil Procedure. Rule 760 provides that the court shall determine the share or interest of each of the joint owners; by Rule 761 for the appointment of three or more competent and disinterested persons to make such partition in accordance with the decree of the court, a majority of which said commissioners may act. Rule 764 provides that the court may, if he deems necessary, appoint a surveyor to assist the commissioners in making the partition. In such cases the writ of partition shall name the surveyor. Under Rule 766, after service of the writ, the commissioners, or a majority of them, shall proceed to partition the land, in accordance with the directions contained in the decree, and with the provisions of law and the Rules. The writ in this case provided that after the commissioners were duly sworn, they should, with the assistance of the surveyor and such other assistance as may be necessary to enable them to perform their duties, carefully view the property, and then make a fair, equal and just division of said property, to the best of their ability, knowledge and skill. By Rule 767, if the commissioners deem it necessary, they may cause the land to be surveyed into the several tracts or shares, and by Rule 768, it is provided that after such shares were so divided the commissioners should, by lot, determine which part or share should be awarded to the respective parties.

■ Reenacted statutory provisions will, as a general thing, be given the same construction as they were before reenactment. The first point raised in this case, i. e., two of the commissioners did not consult with the third one in making the partition, and the third did not sign or otherwise join in the report, does not seem to have been before any of our appellate courts. Appellant's contention appears to be that the two arbitrarily ignored the third commissioner. The testimony does not support this theory. There is testimony that all three commissioners made a preliminary inspection of all the land; that there were four or five of the interested parties living on the property, and among them they refer to farms by the name of the occupant; they stopped first at Perry Masten's (appellant) place and drove around by the home place; also the one occupied by Clampitt, and by Clint Masten's place, and around the Stamper farm, and walked out to where Jessie Masten lived and to the Sluder home. While they were thus going about the property, they observed the quality of lands and comparative values of one with others; they observed that some was heavy black land, while in other places there was thin land, some rocky places, pasture land and through another place was a creek which overflowed occasionally, to the detriment of growing crops. Later, Roberson, who lived in the community where the land was located, went over the land alone and carefully inspected it. Roberson observed "possession" vines on portions of the land awarded to appellant. Later Roberson and Stinnett were together several times and discussed the various places, quality and values. These two commissioners were unable to contact Mr. Cobble and learned he was confined in a hospital in some other county. There is nothing in the record to indicate that what they heard was untrue. The two commissioners arrived at what they believed was a fair and equitable division of the land, taking into consideration qualities, productivity and values generally. They learned that about a year prior thereto an effort had been made to partition the land and that Mr. Cartwright had surveyed it. They procured his plat and found it practically coincided with their views of the partition and adopted it, except, they said, they gave appellant about two acres more than they really thought him entitled to, thinking it would satisfy him. We do not think the two commissioners deliberately or arbitrarily ignored the one

said to be in a hospital outside the county and since the law provides 'that a majority of those named may act, there was no error shown in the approval of the report by the court.

■ The commissioners did not consult with the surveyor until after they had inspected the land and determined approximately how it should be divided; they did then discuss with him the plat made about a year before, as to its accuracy. It seems that the commissioners had not seen the plat until they had reached a tentative conclusion as to how it should be divided, and having found the plat to be approximately as they had determined upon, could with propriety, we think, adopt it, insofar as applicable. In Loughridge v. Cawood, Ky., 64 S.W. 854, the use by commissioners of a survey made by an engineer who had not been named in the writ was held to present no reversible error. In this case, Cartwright testified that the plat made by him was correct and if changes were necessary to meet the conclusions of the commissioners it was a simple matter to make them. We see no error in not calling the surveyor to make personal inspection of the property in arriving at its division; that responsibility was upon the commissioners and not the surveyor.

■ Third point raised is, in effect, that the commissioners did not personally inspect the lands with a view to ascertaining the respective values. The commissioners testified that they had done so and made what they believed to be a fair, equitable and impartial division. Appellant testified to the contrary, declaring that the land awarded to him was the "sorriest" land on the place. That on this account he should have had from eight to ten acres more land. The burden of proof is upon the party who attacks the report of the commissioners. 32 Tex.Jur. 201, § 50. The same text holds that the commissioners' report will not be set aside upon grounds of unfairness and injustice, absent evidence of partiality by the commissioners (page 199, § 49); nor will the report be set aside where the testimony is conflicting as to comparative values of the several shares. Ibid, p. 200, § 49. Here we have the conflicting

opinions of appellant, on one side, and that of the two commissioners, upon the other. The court decided the point against appellant's contention. That was a fact issue and the court's finding is binding upon us.

■ It will be observed that third point complains of the commissioners consulting a former attempted partition before making the division reported to the court. We find no evidence in the record of anything the commissioners could have consulted in a previous attempt at partition, if one existed, except a map or plat made by Cartwright; there are intimations in the briefs that the plat was made about a year before the trial in connection with an attempt at partition; whether this attempt was by agreement of the parties or a previous suit in court, we do not know.

■ The shares awarded to the respective parties were not determined by lot, as provided by Rule 768. No error was assigned to the approval of the report, on this ground; but we refer to it because of the language used, wherein it provides that the commissioners shall proceed by lot to set apart to each of the parties the respective shares. The failure of the commissioners to assign the respective interests by lot does not present fundamental error. The evidence strongly indicates that each party wanted his or her tract allotted so as to include where they then resided on the large tract. Moreover, the writ of partition did not require the commissioners to make choice of shares by lot. The portion of Rule 768 above referred to was formerly Article 6109, Sayles Civ.Stat. (1914), and later Article 6094, R.C.S. In Moor v. Moor, Tex.Civ.App., 63 S.W. 347, writ refused (republished 24 Tex.Civ.App. 150, 255 S.W. 231), the court in construing the language used in Art. 6109, as it then existed, held that in circumstances such as we have here, no reversible error was shown in approving the report of the commissioners because the awards were not made by lot.

From what we have said, we see no reversible error presented and the judgment of the trial court should be affirmed. It is so ordered.