BONNER et al. v. OLIVER et al.

No. 2839.

Court of Civil Appeals of Texas. Tenth District. Waco.

March 17, 1949.

Rehearing Denied April 7, 1949.

J. S. Simkins and Norris W. Lovett, both of Corsicana, for appellants.

Williford & Williford, of Fairfield, for appellees.

LESTER, Justice.

This suit was instituted by Mrs. Susie Oliver et al. against Mrs. Artie Bonner and husband for partition of land located in Freestone county.

It was developed upon trial of the case that prior to the filing of this suit some of the parties had agreed that the land should be partitioned, and three men who had lived in the community for several years and who were also owners of large tracts of land, were selected to partition said land. They secured a surveyor and went over the property and partitioned said property into thirteen separate tracts. The mother of all the interested parties drew lots for each party by number and the party took the tract corresponding to said number. Deeds were executed by all the parties except Mrs. Artie Bonner and husband. This refusal upon the part of Mrs. Bonner and husband prevented the partition proceedings from being carried out as originally planned, and this suit was filed.

At the January, 1948, term of court the court entered its order finding that the land was susceptible of partition in kind and appointed three commissioners and ordered them to divide and partition said land into thirteen parts of equal value. No objections were made to the court's findings or order. The commissioners appointed by the court proceeded to partition the land and reported their action to the court. This partition was the same as the partition previously made by the commissioners selected by the parties. The appellant Mrs. Artie Bonner objected to the report as being unfair and unjust and a hearing was had upon said objections. The court overruled the same and approved the report. The court filed findings of fact and conclusions of law at the request of appellants.

The evidence reveals that there were situated upon the land in question two old houses and some of the land faced upon roads and some of it was inaccessible to any road without going through land belonging to other people. The parties who were awarded the houses, one received 1.04 acres of land with the house and the other received .58 acre with the house, while the land the others received ranged from 9.67 acres to 38 acres. Each tract or parcel was valued at $300.00. The tract that appellants received contained 15 acres.

Appellants' objection to the partition as being unfair is that she claimed the value of one of the houses to be approximately $600.00 and the value of the other to be approximately $750.00, and produced three or four witnesses who testified accordingly; but several other witnesses testified the houses had no such value and that each of the tracts was of equal value, and that the partition was fair and equitable.

The court found the partition to be fair and impartially made and entered judgment approving the report.

The rule is well settled that where there is a conflict in the evidence, the trier of the facts is the exclusive judge of the facts proved, the credibility of the witnesses and the weight to be given to their testimony. The trial court having found adversely to the appellants, and such finding having support in the evidence, the same is binding upon this court and we are not at liberty to disturb or set aside the court's judgment entered herein. Masten v. Masten et al., Tex.Civ.App., 166 S.W. 2d 347.

Finding no reversible error, the judgment of the trial court is affirmed.