**Lillie ROBERTS et al., Appellants,**

v.

**Lizzie PHILPOT, Individually and as Independent Executrix of the Estate of Savannah Garner, Deceased, et al., Appellees.**

**No. 406.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 12, 1968.

Saunders & Caldwell, J. Byron Saunders, Tyler, for appellants.

Smith & Smith, Troy V. Smith, Tyler, for appellee Lizzie Philpot, individually and as independent executrix of the Estate of Savannah Garner, deceased.

MOORE, Justice.

This appeal involves a contest to a report of commissioners appointed by the court in a partition suit.

Appellants, Lillie Roberts and husband, Milam Roberts, and Earl Garner filed suit for partition against appellees, Lizzie Philpot, Callie Garner and Reedy Garner, alleging that said parties were heirs and joint owners of approximately 267 acres of land which all the named parties inherited from their parents, W. M. Garner and wife, Savannah Garner, deceased.

After a trial before the court, sitting without a jury, judgment was entered finding that the land was capable of partition in kind, and determined the interest of each party as provided by Rule 760, Texas Rules of Civil Procedure. John Cowan, a surveyor; T. B. Lukenbill, a realtor; and A. N. Beasley, an accountant, were appointed by the court as commissioners to make the partition. In due time and form, the commissioners filed their sworn report showing the various portions of land which they had partitioned and set aside to each of the claimants.

Appellants timely filed their objections to the commissioners' report as provided by Rule 771, T.R.C.P. They alleged that the portions of land allotted to each of them were unequal, unjust and unfair because (1) the improvements on the land allotted to appellee, Lizzie Philpot, were undervalued; (2) the commissioners did not take into consideration the value of the iron ore gravel situated on the tract awarded to Lizzie Philpot; and (3) the division was unfair and inequitable because the value placed upon the various tracts by the commissioners did not represent the true market value of the same. Their prayer was for a rejection of the report and for the appointment of other commissioners and, in the alternative, that the court declare the land to be incapable of being divided in kind and order the same sold and the proceeds divided.

After a full hearing upon the objections alleged by the appellants, the trial court found against their contentions and approved the report of the commissioners and entered judgment thereon. From the judgment so entered, appellants perfected this appeal.

By a single point of error the appellants make the general assertion that the trial court erred in approving the commissioners' report. We have concluded that the point is without merit.

■ In suits for partition, the burden of proof is upon the party who attacks the report of the commissioners. 44 Tex.Jur.2d 303, Sec. 58. The general rule is that the commissioners' report will not be set aside in the absence of evidence showing inequality in the market value of the shares allotted, or in the absence of a showing of partiality on the part of the commissioners. Moor v. Moor, (Tex.Civ.App.) 63 S.W. 347, err. ref.; Masten v. Masten, (Tex.Civ.App.) 166 S.W.2d 347; Grimes v. Hall, (Tex.Civ. App.) 211 S.W.2d 956; 44 Tex.Jur.2d, supra. Where the testimony raising such issues is conflicting, the commissioners' report approved by the trial court may not be set aside on appeal. Masten v. Masten, supra.

■ The land in question consists of several tracts brought about by the construction of two highways across the land. Several of the tracts are small while others are relatively large. The record discloses that after the commissioners were appointed, they went upon the land for the purpose of appraising the value of the various tracts and dividing the land under the instructions of the court. Each commissioner made his own separate appraisal as to the value of each tract. Thereafter, they compared their valuations and each commissioner testified at the trial that they were all surprised to find their respective appraisals to be so close together. After making some minor adjustments, they testified that they arrived at what they believed to be a fair and equitable division of the land, taking into consideration the accessibility of the various tracts to the highway and the market value of each tract. After reviewing all of the evidence in the record, we have been unable to find any evidence indicating unfairness or partiality on the part of the commissioners. In fact, all of the evidence tends to indicate that they made the division in good faith according to the best of their ability. While appellants argue that the division was unfair and inequitable, we fail to find any evidence showing inequality in the market value of the shares allotted to the various parties to this suit. While appellant, Lillie Roberts, testified that she was dissatisfied

with the division and felt that it was unfair and unjust, she failed to offer any evidence as to the market value of the various tracts. Appellant, Earl Garner, while expressing dissatisfaction with the division made by the commissioners, testified that in his opinion the value placed on the various tracts by the commissioners represented the fair market value of each tract. Appellants failed to offer any expert testimony with respect to the market value and did not attempt to show partiality on the part of the commissioners. At most, the evidence raises nothing more than a fact issue with respect to the inequality of the market value of the shares allotted to the various parties. The trial court decided the issue against the appellants. Under these circumstances, the trial court's finding upon the disputed issue of fact is binding on this court.

Judgment of the trial court is affirmed.