Vincent DeMARCO et al., Appellants,

v.

Hartwick VAN HEES et al., Appellees.

No. 776.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 4, 1973.

Thomas O. Moxcey, Ernest Coker, Jr., Coker, Field & Moxcey, Conroe, for appellants.

W. T. Bennett, Kenneth H. Keeling, James M. Haggard, Huntsville, Mac L. Bennett, Jr., Normangee, W. R. Malone, Malone, Murphy & Fenley, Huntsville, for appellees.

TUNKS, Chief Justice.

This is an appeal from a judgment approving a report of commissioners in a partition suit. The case originally arose as a suit brought by Pearl E. Brockman, the predecessor in title of appellants, the De-Marcos, to set aside certain deeds to real property. After Pearl Brockman died and appellants were substituted as plaintiffs, the parties to the lawsuit entered into a stipulation and agreement as to the ownership of the subject property, which property they agreed should be partitioned in

kind. A preliminary judgment was rendered in accordance with the parties' agreement. Commissioners were appointed by the trial court to appraise the land and to effect the partition in accordance with the percentages of ownership agreed upon.

The property in question consists of three tracts. Tracts 1 and 2 are rural property. Tract 3 is a two-acre tract of urban property in the city of Huntsville. It was agreed that the plaintiffs owned slightly less than 50% of tracts 1 and 2 and that defendants owned slightly more than 50%. It was also agreed that of tract 3, the plaintiffs owned 50% and that the defendants owned the other 50%.

The commissioners, as directed, awarded tract 1 to the defendants and tract 2 to the plaintiffs. They found the value of tract 1 to be $32,323.50 and that of tract 2 to be $35,048.00. Thus the plaintiffs, though they owned less than half interest in the rural property, were awarded more than half of it in value. The commissioners, however, awarded the entire tract 3 to the defendants. They found the value of tract 3 to be $10,000.00. As a result the defendants received more, in value, of the total property than their share. This imbalance was adjusted by the commissioners by awarding to the plaintiffs an owelty of $1,764.82 to be paid by the defendants.

The commissioners filed their report with the court. The plaintiffs filed objections to the report as authorized by Tex. R.Civ.P. 771. They objected that the partition made by the commissioners was materially erroneous in that they were not given a part of tract 3 and in that the value of tract 3, awarded to defendants, was too low.

The case proceeded to trial before a jury upon the issues raised by plaintiffs' objections to the commissioners' report. The plaintiffs introduced the testimony of an expert witness who testified that tract 3 had a value of $43,000.00. Then they rested. The commissioners' report was not introduced into evidence before the jury.

There was no evidence as to the value of tracts 1 and 2. The defendants moved for an instructed verdict and their motion was granted. From the judgment so rendered the plaintiffs have appealed.

We affirm the trial court's judgment.

■ Tex.R.Civ.P. 771 provides for objection to a commissioners' report in a partition suit and says, "If the report be found to be erroneous in any material respect, or unequal and unjust, the same shall be rejected, . . .". The plaintiffs, who objected to the report, had the burden of proving that it was materially erroneous or that the partition thereby made was unequal and unjust. Roberts v. Philpot, 435 S.W.2d 614 (Tex.Civ.App., Tyler 1968, no writ); Price v. Price, 394 S.W.2d 855 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.); Masten v. Masten, 166 S.W.2d 347 (Tex.Civ.App., Fort Worth 1942, no writ).

■ The most favorable finding to the plaintiffs that the jury could have made under the evidence introduced was a finding that tract 3 was worth $43,000.00. With such finding the judge might have concluded that the report was erroneous in that it fixed the value of tract 3 too low, but he could not have found, based on that jury finding alone, that such error was material. The materiality of that error would depend upon the true value of tracts 1 and 2. To show that the undervaluation of tract 3 was material the plaintiffs would have had to show that tract 2, awarded to them, was not undervalued in an equal amount and that tract 1, awarded to the defendants, was not overvalued in an equal amount.

■ Appellants' contention that the report was erroneous in that it awarded tract 3 to defendants rather than awarding to them at least a part of it is overruled. They argue that the preliminary judgment agreed upon required such partition. We can find no such language in the preliminary judgment. The fact that it directed

that tract 1 be awarded to plaintiffs and tract 2 to defendants did not mean that tract 3 must be divided between plaintiffs and defendants. As stated in Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 772 (1942);

> " 'In partition, where the properties are in several parcels, the owners are not entitled to a share of each property, but only to an equal share of the whole.' ".

■ Appellants' point of error in regard to the exclusion of certain evidence intended to substantiate the opinion of their expert witness could, in view of our holding, present only harmless error and will not be considered. Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.