**In the ESTATE OF Jimmie L. QUERNER, Sr., Deceased.**

**No. 04–97–00151–CV.**

Court of Appeals of Texas, San Antonio.

April 15, 1998.

A. Chris Heinrichs, A. Chris Heinrichs, P.C., San Antonio, for Appellant.

Richard P. Corrigan, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

Thera Querner appeals from a judgment *non obstante veredicto* entered in a partition proceeding under TEX. PROB. CODE ANN. § 380 (Vernon 1980). Because there is more than a scintilla of competent evidence to support the jury's finding, we reverse and render.

### FACTS

Thera Querner ("Thera") and Jimmie L. Querner Jr. ("Jimmie") each own an undivided 50 percent interest in a 900–acre ranch in Kerr and Gillespie counties. They inherited the property from their father, whose estate was administered in Bexar County probate court. The two sought partition of the ranch; three commissioners were appointed, pursuant to TEX. PROB.CODE ANN. § 380. The commissioners were charged with dividing the ranch equally, making allowances for the fact that Thera would live in a house on the ranch, for an earlier judgment in the probate court in Jimmie's favor and for any other differences in quality and features between the two parcels. TEX. PROB.CODE ANN. § 380(b) & (c).

The ranch itself was a remnant of a larger ranch of more than 2,000 acres; an earlier partition gave more than half the original property to Pattie Querner, the litigants' mother. A county road dead-ends into the original property's front gate; in the earlier partition of the ranch, their mother gained a road easement across the 900–acre tract.

Thera Querner lives in a farmhouse on the tract nearest the front gate of the property, part of a "headquarters area" including a barn, a well and outbuildings in varying states of disrepair. A singular feature of the 900–acre tract is a spring-fed creek, originating at the very back of the tract in question and running roughly parallel to the road.

The land was appraised at $1,100 an acre. The commissioners gave Jimmie 475 acres and Thera 425 acres, accounting for the difference in the parcels as follows:

| | |
|---|---|
| Improvements (Barn, House, etc.) on Thera Querner's 425 acre tract | $25,000 |
| Court Order Dated May 30, 1995 Awarding Additional $ Amount to Jimmie L. Querner Jr. | $8,410 |
| Proximity to County Road Adjustment to Reflect Easement Only Access to J.L. Querner, Jr. 475 Acre Tract | $21,590 |
| | $55,000 |

Thera disliked the results of their plan and filed objections; in the ensuing trial the jury, asked whether the commissioners had divided the ranch in a "fair, just and impartial manner," answered no. The trial court granted Jimmie's motion for judgment N.O.V. In two points of error Thera contends that the trial court erred in granting the motion, because there was evidence of probative force to support the verdict, and that the trial court erred in granting the commissioners fees in excess of the statutory setting of five dollars a day.

### STANDARD OF REVIEW

A trial court may disregard a jury's findings and grant a motion for judgment non obstante veredicto only when there is no evidence upon which the jury could have made its findings. TEX.R. CIV. P.301; TEX.R. CIV. P. 324(c); *Mancorp., Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). In reviewing the grant of a motion for judgment N.O.V., the reviewing court must determine whether there is any evidence upon which the jury could have made the finding. *Navarette v. Temple Ind. School Dist.*, 706 S.W.2d 308, 309 (Tex.1986). The record is reviewed in the light most favorable to the verdict, considering only the evidence and inferences which support them and rejecting the evidence and inferences contrary to the findings. *Id.* When there is more than a scintilla of competent evidence to support the jury's finding, the judgment N.O.V. should be reversed. *Id.*

### The Evidence

■ The party objecting to the report of commissioners has the burden to show, by a preponderance of the evidence, that it was materially erroneous or that the partition thereby made was unequal or unjust. *Moor v. Moor*, 63 S.W. 347, 353 (Tex.Civ.App.1901, writ ref'd); *DeMarco v. Van Hees*, 493 S.W.2d 553, 554 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ); *Roberts v. Philpot*, 435 S.W.2d 614, 615 (Tex.Civ.App.—Tyler 1968, no writ). When we review the evidence through the lens of "in the light most favorable to the verdict," we find that Thera produced sufficient competent evidence to support the jury's verdict and that the trial court erred in granting the motion for judgment N.O.V.

Trial testimony showed that the commissioners' appraiser found the improvements were "of such small magnitude and in fair/poor condition that their value was included in the land value." However, one of the offsets charged against Thera was $25,000 for the house and other improvements. Additionally, all three commissioners testified they would consider having an easement across their property a detriment, yet no offset was granted in Thera's favor; instead, they gave Jimmie a $21,590 credit for being further from the county road than his sister. Finally, the evidence showed that the springs that fed the creek, and a larger portion of creek frontage, were located on Jimmie's property. We find this sufficient evidence of probative force to sustain the jury verdict; therefore the trial court erred in granting judgment N.O.V. Thera's first point of error is sustained.[1]

### Fees

■ In her second point of error, Thera challenges the fees awarded the commissioners as being beyond the $5 a day permitted by statute. Tex. Prob.Code Ann. § 380(g) (Vernon 1980). However, this objection was not preserved because Thera failed to obtain

a ruling on her objection; the court simply noted her objection. *In the Interest of McElheney*, 705 S.W.2d 161, 163 (Tex.App.—Texarkana 1985, no writ).

### Conclusion

The trial court erred in granting Jimmie's judgment N.O.V. because there was legally sufficient evidence supporting the jury's verdict. Because Jimmie did not bring a cross-point contesting the factual sufficiency of the evidence, we render judgment in accordance with the jury's verdict that the partition in question was not fair, just and impartial.

DUNCAN, J., concurring in the judgment only.

---

1. Both parties acknowledged this litigation is protracted; Jimmie's counsel urged us at oral argument to "end it now" by affirming the trial court's judgment. While we do not permit this appeal to judicial economy to trump our analysis, those parties collaterally distressed could find some solace in literature. *See* E.M. Forster, *My Wood*, and William Ryan, *Mine, All Mine*, in Life Studies—A Thematic Reader (David Cavitch ed. 1983)