

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00041-CV
No. 07-23-00067-CV

---

PATRICIA A. GRANT, PH.D., APPELLANT

V.

RICHARD W. HEO, ET AL., APPELLEES

---

On Appeal from the 155th District Court
Fayette County, Texas
Trial Court No. 2021V-126, Honorable Jeff R. Steinhauser, Presiding

---

August 18, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Patricia A. Grant, acting pro se, appeals from a final judgment partitioning real property in Fayette County and from an order requiring payment of court costs.[1] We affirm both decisions.

---

[1] These appeals were transferred to this Court from the Third Court of Appeals by docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

BACKGROUND

Grant and several family members owned undivided interests in a 53.524-acre tract, more or less,[2] adjacent to property owned by Appellee, Richard W. Heo. Heo began purchasing the interests of Grant's cotenants. On May 14, 2021, Grant filed an original petition to compel a partition in kind of the property, naming Heo and eighteen others as defendants. She also sought compensatory and exemplary damages for a variety of alleged bad acts. Heo filed a counterclaim and crossclaim for partition. By late 2021, Heo had acquired the undivided interests of all owners other than Grant and her sister Deborah Seabron, giving him a 93.333 percent ownership interest. Grant owned 3.334 percent and Seabron owned 3.333 percent. None of the owners requested a partition by sale or an appraisal.

In April of 2022, the trial court appointed three commissioners to determine how to partition the property. Their report was filed on October 31, 2022. The commissioners determined that the undivided interests of Grant and Seabron would result in their tracts being less than two acres in size. Because local permits for onsite sewage disposal required a tract size of at least two acres, the commissioners recommended that Grant and Seabron be allocated additional property to increase their tract sizes to two acres. Heo agreed to this recommendation. The commissioners set the value of the property at $30,000 per acre and did not assign any value to the structures on the property, which consisted of a dilapidated house and barn located in the middle of the tract. They allotted to Seabron a two-acre tract situated in the corner of the property and allotted to Grant an adjacent two-acre tract. Both tracts have public road access.

---

[2] The deed by which Grant acquired her interest from her father recites a size of 49.83 acres.

The trial court held a final hearing on December 21, 2022.  Heo and Seabron had no objections to the commissioners' report.  Grant objected to the determination that the structures had no value and argued that the commissioners should have awarded her a tract encompassing those structures.  After hearing the arguments of the parties and considering the evidence, the trial court approved the commissioners' report in its entirety.

On December 29, 2022, just a few days after the trial court's final judgment of partition was entered, Heo filed a motion pursuant to Rule 145 of the Texas Rules of Civil Procedure to require Grant's payment of costs.  Following a January hearing at which Grant did not appear, the trial court granted Heo's request.

Grant appeals from both decisions.

## PART I: PARTITION SUIT

<u>Propriety of Partition</u>

Grant raises four issues in her appeal from the judgment ordering partition.  Her first issue presented is: "Under [the Uniform Partition of Heirs Property Act] Does Court-Appointed Commissioners have the legal authority to award 'Valuation of Real Property' Partition ownership to Appellee (Investor), deny Appellant's (Heir) retained ownership, and decide over her objections, Appellant's (Heir) property ownership?"  We construe this as a challenge to the propriety of the partition proceeding under the Texas Uniform Partition of Heirs Property Act.  The Act provides a process by which heirs can either force partition in kind or effectuate the buyout of undivided interests in inherited property.  *See* TEX. PROP. CODE ANN. §§ 23A.001–013.  Grant has not explained specifically how the proceeding failed to comply with the Act, but

based on her arguments at the final hearing, her complaint appears to arise from the award to her of the two-acre tract, rather than the portion of the property with the house and barn.

A party objecting to the commissioners' report has the burden of proving that the report is materially erroneous or that the division of property is unequal or unjust. *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ). Generally, the report will not be set aside absent a showing that the allotted shares are unequal in value or some other indication of partiality on the part of the commissioners. *Roberts v. Philpot*, 435 S.W.2d 614, 615 (Tex. App.—Tyler 1968, no writ). Where the testimony raising such issues is conflicting, the commissioners' report approved by the trial court may not be set aside on appeal. *Id.* Grant does not direct us to any evidence indicating that the division of property was unjust; indeed, the record reflects that she received a larger portion of the land than she was entitled to receive. Although Grant may have desired to have a specific portion of the parent tract allotted to her, she has not shown that the partition was inequitable or unfair. *See* 57 TEX. JUR. 3d *Partition* § 28 (2016) ("That a party has asked to be allotted a described portion of the land does not, however, preclude the court from setting apart another portion."); *see also Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ) ("[T]he existence and value of improvements is a question for the factfinder, while the exact manner of valuing the real property on which they are situated and dividing that property into shares among the parties is accomplished by the commissioners.").

Therefore, we reject Grant's challenge to the partition and overrule her first issue.

Texas Real Estate Commission Forms

Grant's second issue presented reads as follows:

4

Whether attorneys (TREC licensed or non-licensed) are exempted from REC's state consumer real estate contract protection allows Attorney usage to violate UPHPA, Bus. & Com. Code 26 – Fraud, 27 – Fraudulent Transfers, Gov. Code Sec 51.903 – Action on Fraudulent Lien on Property, Penal Code 31 – Theft, 32 – Fraud, to unlawfully obtain Appellant's inheritance and heritage.

We construe this as a challenge to the use of forms promulgated by the Texas Real Estate Commission.

Only the person whose primary legal right has been breached by a particular claim has standing to seek redress for an injury. *See Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976). Grant has failed to plead facts showing she personally suffered a particularized injury traceable to any party's use of a particular form of deed to acquire property interests in this case. Therefore, Grant has no standing to assert this challenge. *See, e.g., Morlock, L.L.C. v. Bank of NY*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (a person with no property interest has no standing to challenge the validity and assignment of a deed of trust). We overrule her second issue.

Fraud and Violations of Law

Grant's third issue presented is:

Whether the preponderance of trial Judge's deliberately ignoring evidence of 1) TREC Unimproved Property contract Fraud, 2) Unfiled/Filed Ambiguous General Warranty Deeds Fraud, 3) County Clerk Real Estate and Mineral Warranty Deeds, and 4) Appellant-Appellee Property Photos; deliberate denials of 1) TRCP 166a- Contract Fraud Summary Judgement Hearings, 2) TRCP 190.1 Discovery requests, and 3) TRCP 196.1 Production of Documents requests; subject Appellant to 1) Rights deprived TRCP 97 – Partition Counterclaim Objection Hearings, 2) 'Mere Allegation' TRCP 145 – Payment of Cost Hearing to 'Obstruct' Appellate Review, and 3) '…[D]isplay a deep-seated favoritism [and/] or antagonism making it impossible' for a just Court appearance.

Her fourth issue reads:

> Whether Court Official's complicit extrajudicial violations of the UPHPA, Business & Commerce Codes 26 & 27 – TREC 'Unimproved Property' contract Theft by 'omission and misrepresentation' fraud, and 'ambiguous' General Warranty Deed 'Considerations', and other violations; granting Appellee default 'Title' and complete ownership of Appellant's inherited real estate (surface, mineral), mineral leases, real property developments, and other unlawful gains (personal, financial, business, political, other) are State and Federal Penal Code (State, Federal) offenses (theft, civil rights violations, other), granting Court Orders Cancellations, Change of Venue, Change of Venue Hearings.

Although difficult to comprehend, it appears that Grant alleges wrongdoing by various court officials and attorneys and seeks a determination that they are civilly or criminally responsible for wrongful acts. Grant's third and fourth issues fail to meet the requirements of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(i). They consist primarily of allegations against counsel, the trial court, and the court reporter, and they are unsupported by legal authority and the application of law to the facts. Further, they seek to have this Court make determinations that are outside the scope of our review on issues not properly before us. We therefore conclude that Grant has waived these issues because they are inadequately briefed.[3] *See id.*; *Copeland v. Fannie Mae*, No. 03-16-00030-CV, 2016 Tex. App. LEXIS 11686, at *4 (Tex. App.—Austin Oct. 28, 2016, pet. dism'd w.o.j.) (mem. op.). Issues three and four are overruled.

---

[3] Appellate courts review pro se pleadings with liberality and patience but apply the same standards applicable to pleadings drafted by an attorney. *Paselk v. Rabun*, 293 S.W.3d 600, 604 n.1 (Tex. App.—Texarkana 2009, pet. denied). Pro se litigants are bound by the Rules of Appellate Procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied) (op. on reh'g).

<u>Special Requests</u>

In the fifth section of her brief, Appellant enumerates multiple requests for relief designated as "special requests" relating to the partition suit, such as voiding transactions, imposing liens, changing venue and court officials, and initiating investigations. For the reasons expressed above, we conclude that Appellant is not entitled to the relief requested. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument containing appropriate citations to authority and record); *Taylor v. Meador*, 326 S.W.3d 682, 684 (Tex. App.—El Paso 2009, no pet.) (failure to cite legal authority or provide substantive analysis of issue waives complaint). Therefore, her special requests are denied.

We affirm the judgment granting partition in all respects.

## PART II: PAYMENT OF COSTS

Shortly after filing her original petition to compel a partition in kind in May of 2021, Grant filed a Statement of Inability to Afford Payment of Court Costs. On December 29, 2022, just a few days after the trial court's final judgment of partition was entered, Heo filed a motion to require Grant's payment of costs. Heo alleged that Grant "has lodged numerous unfounded claims and allegations" and that "[t]he volume of motions and pleadings she has filed in these proceedings has been overwhelming and unjustified." He noted Grant's previous unsuccessful interlocutory appeal during the course of the proceedings and asserted that Grant would continue filing unnecessary pleadings, causing other parties to incur expenses, because she was not bearing the costs. Finally, Heo challenged Grant's statement that she was unable to afford court costs, observing that her claimed monthly income exceeds her monthly expenses and that she owns valuable, non-exempt property. He sought to have Grant pay "all expenses

7

in connection with the preparation of the clerk's record, the reporter's record and the filing fees associated with an appeal."

The trial court set the motion for hearing on January 20, 2023, and notified the parties. Grant filed a response to the notice of hearing stating that she would not attend.[4] She also filed a motion for discovery, a separate response, and a counterclaim with roughly forty pages of accompanying documentation. Two weeks later she filed an "Amended Obstruction of Justice Counterclaim" and request for a hearing. She also filed an updated statement of inability to afford court costs.

Grant did not appear at the January 20 hearing. The trial court found that Grant did not offer evidence of her inability to afford costs. It further found that Grant's most recent statement of inability to afford costs, which was filed in January of 2023, reflected that (1) Grant has $5,053.95 in monthly income; (2) Grant stated the total value of her property was $70.00, but the attachments showed Grant owns (i) a home purchased in April of 2022 with an undisclosed equity and value, (ii) a 2021 Toyota Highlander purchased in August of 2021 with an undisclosed equity and value, and (iii) personal property which Grant pays $504 monthly to store; and (3) Grant failed to disclose her ownership of an undivided 3.334 percent interest in the 53.524-acre tract at issue, which the commissioners valued at $30,000 per acre. The trial court determined that Grant has the ability to pay court costs and granted Heo's request.

On appeal, Grant asserts that the order should be reversed because the trial court ignored her, failed to consider evidence, allowed judicial misconduct, and violated her due

---

[4] Grant wrote, "Plaintiff will not attend the Judge's Zoom Hearing of January 20, 2023, nor any other Hearing that he or some other judicial appointee may schedule . . . ." Her reply concluded, "Have your trumped-up January 20, 2023, Hearing extension of time ruse without Plaintiff . . . ."

process and equal protection rights. We review the trial court's order requiring payment of costs for an abuse of discretion. *In re R.J.*, No. 02-16-00445-CV, 2017 Tex. App. LEXIS 4567, at *3–4 (Tex. App.—Fort Worth May 18, 2017, no pet.) (mem. op.).

It was Grant's burden to prove she could not afford to pay court costs. TEX. R. CIV. P. 145(f)(1); *Shepherd v. Helen Painter & Co.*, No. 07-22-00314-CV, 2023 Tex. App. LEXIS 2087, at *4 (Tex. App.—Amarillo Mar. 22, 2023, no pet.) (order) (per curiam) ("One seeking leave to proceed free of paying costs has the burden to prove he or she lacked the ability to pay them."). The record reflects that Grant did not appear at the hearing and did not present any evidence to the trial court of her inability to pay costs. Thus, Grant did not meet her burden under Rule 145.

Based on our review of the record, we conclude that the trial court did not abuse its discretion by sustaining Heo's challenge to Grant's statement of inability to afford costs. *See In re J.S.*, No. 05-17-00341-CV, 2017 Tex. App. LEXIS 3583, at *3–4 (Tex. App.—Dallas Apr. 20, 2017, no pet.) (mem. op.) (sustaining challenge to affidavit of indigency). Therefore, we deny Grant's challenge to the trial court's order.

## CONCLUSION

Having overruled each of Grant's issues on appeal, we affirm the judgment of the trial court ordering partition and the order requiring Grant to pay costs.

Judy C. Parker
Justice