**WAL–MART STORES, INC., Appellant,**

v.

**Enriqueta GARCIA, Appellee.**

No. 04–96–00592–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 25, 1998.

Rehearing Overruled April 9, 1998.

Charles R. Borchers, Cristina Gonzalez, Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellant.

Jose J. Ruiz, Ruiz & Herring, Eagle Pass, Sunny J. Jansma, Wallace B. Jefferson, Crofts, Callaway & Jefferson, P.C., San Antonio, for appellee.

Before STONE, GREEN and JOHN G. HILL,[1] JJ.

## OPINION

JOHN G. HILL, Justice (Assigned).

Wal–Mart Stores, Inc. appeals from a judgment in favor of Enriqueta Garcia in the amount of $162,000 plus interest. Wal–Mart

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas.

contends in three points of error that: (1) the trial court committed reversible error in admitting the testimony of Jack Larks, Garcia's expert, because the testimony does not meet the standards set forth in the Texas Supreme Court case of *E.I. duPont de Nemours, Company, Inc. v. Robinson,* and Texas Rules of Civil Evidence 403 and 702; (2) there is no evidence, or, alternatively, insufficient evidence, to support the jury award to Garcia for past and future physical pain and mental anguish; and (3) there is no evidence, or, alternatively, insufficient evidence, to support the jury's award to Garcia for past and future loss of earning capacity.

We affirm because the trial court did not abuse its discretion in admitting the testimony of Garcia's expert and because we may not consider evidentiary review as to individual elements of damages where the jury question called for a total amount as to all elements of damages and the amounts as to individual elements of damages solely reflect marginal notes of jurors.

Garcia was injured when struck by a sign that fell from the Wal–Mart ceiling as she was shopping in the store. The sign was dislodged from the ceiling when it was struck by two Wal–Mart employees who were moving a ladder through the store.

Wal–Mart contends in point of error number one that the trial court committed reversible error in admitting the testimony of Jack Larks, Garcia's expert, on the grounds that his testimony does not meet the standards set forth in the Texas Supreme Court case of *E.I. du Pont de Nemours Company, Inc. v. Robinson* and Texas Rules of Civil Evidence 403 and 702.

Rule 702 of the Texas Rules of Civil Evidence provides that if scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. TEX.R. CIV. EVID. 702. Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or by considerations of undue delay, or needless presentation of cumulative evidence. TEX.R. CIV. EVID. 403.

In *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 556 (Tex.1995), the Texas Supreme Court held that in order to be admissible under Rule 702, scientific evidence must be both relevant and reliable. The Court said that the factors that the trial court may consider in determining admissibility include, but are not limited to:

(1) the extent to which the theory has been or can be tested;

(2) the extent to which the technique relies upon the subjective interpretation of the expert;

(3) whether the theory has been subjected to peer review and/or publication;

(4) the technique's potential rate of error;

(5) whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community; and

(6) the non-judicial uses that have been made of the theory or technique.

*Id.* at 557.

Jack Larks testified that he is a licensed professional engineer in the State of Texas with Larks Engineering/Consulting Company. He indicated that courses in physics were a part of his basic course in getting his bachelor's degree and that this continued on throughout the entire educational sequence. He indicates that he has a master's degree in engineering from M.I.T. Additionally, he stated that he taught technical physics at the college level for one term. He testified that his opinions and conclusions regarding physics have been accepted by courts in the State of Texas, specifically with reference to the engineering analysis of certain situations using physics, mechanics, structures, and hydrology.

Larks also testified with regard to his expertise in the area of safety. He said that he had training with regard to safety on premises as a civil engineer and as a professor at the University of Houston teaching safety. He indicated that he had been involved with job safety, premises safety, and workplace safety. He stated that he is famil-

iar with Texas statutes, OSHA regulations, and the OSHA law. He said that he is familiar with what is required of individuals working in a store when they are moving items such as a ladder through the store. He testified that there are rules and regulations regarding the transporting of ladders through stores, especially with regard to overhead clearance. He indicated that he had assisted businesses in writing safety manuals for their employees that would include things such as how to move a ladder safely.

The trial court ruled that Larks could testify as to his opinions and conclusions as to the degree of force caused by the sign that fell on Garcia. The trial court granted Wal–Mart's Motion To Strike as to whether such force would be capable of causing a physical injury such as a herniated disc. After hearing additional testimony, the trial court ruled that Larks could testify that the area where Garcia was struck by the sign should have been cleared of customers or should have been roped off while the ladder was being moved.

We must determine whether the trial court abused its discretion in permitting Larks to testify in these two basic areas. *Id.* at 558.

■ We first consider the issue of Larks' testimony as to the degree of force caused by the sign that fell on Garcia. His conclusions in this area are based upon well-recognized laws of physics that have been tested; use of those laws of physics involves little, if any, subjective interpretation by the expert; the theories involved are not novel; the technique has little, if any, potential rate of error; the laws of physics related by Larks are generally accepted as valid within the scientific community; and the laws of physics are routinely used in non-judicial uses such as engineering. We hold that the trial court did not abuse its discretion in allowing Larks' testimony in the area of physics and the degree of force caused by the sign that fell on Garcia.

■ We next consider the issue of Larks' testimony as to the proper procedures to be followed when moving a ladder through the store. Based upon Larks' testimony as pre-viously noted, we hold that the trial court did not abuse its discretion in finding that Larks' testimony that the area should have been cleared of customers or, alternatively, that the area should have been roped off while the ladder was being moved was relevant and reliable.

Wal–Mart contends that Larks was permitted to testify concerning legal causation, but does not give a page reference to the record in support of its assertion. It makes many references to improper conclusions in Larks' report, but gives no indication that any portion of his report was ever presented to the jury.

■ Wal–Mart urges that Larks' testimony regarding safety procedures does not meet the standard for admissibility set forth in *Robinson*. It insists that expert testimony, in order to be admissible under Rule 702, must be scientific knowledge. Rule 702 of the Texas Rules of Civil Evidence by its terms is not limited to the admissibility of scientific expert opinion. The rule states that, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." Tex.R. Civ. Evid. 702. We have examined Larks' testimony regarding safety and conclude that it is not and does not purport to be scientific testimony.

It is true, as Wal–Mart suggests, that the opinion in *Robinson* literally states that the rule contains three requirements for the admission of expert testimony and that one of those is that the proposed testimony must be "scientific . . . knowledge." *Id.* at 556. We believe that this statement by the Supreme Court, as indicated by the fact that the court in quoting the rule left out the non-scientific portions of the rule, and by the fact that *Robinson* involved scientific opinion testimony, was intended to apply only to the requirements for the admission of expert scientific testimony. The partial quote and the context of the decision indicates that the Supreme Court was not intending to say that the Rule, contrary to its wording, did not

allow for the admission of non-scientific expert testimony. Wal–Mart has not referred us to any case involving non-scientific evidence in which there has been a determination that non-scientific evidence is not admissible, even if it is shown to be both relevant and reliable. Because Larks' testimony regarding safety procedures was not scientific testimony, the factors set forth in *Robinson* to be considered in the admissibility of scientific testimony are not relevant to our discussion.

Wal–Mart also argues that Larks did not demonstrate any specialized knowledge concerning safety procedures with respect to the movement of a ladder through a store. This assertion is belied by Larks' testimony that we have previously set forth in this opinion.

■ Wal–Mart questions the fact that Larks did not personally inspect the sign but relied on photos and information concerning the signs that was provided to him. At best, this would only go to the weight of Larks' testimony and not to its admissibility.

■ Wal–Mart suggests that Larks was not competent to testify about whether the impact of the falling sign could cause Garcia's injuries; whether it proximately caused her injuries; whether the methods used by Wal–Mart's employees to move the ladder were improper; and whether Wal–Mart, by and through its employees, was negligent. It gives no page number references as to where Larks might have testified as to any of those things.

■ Wal–Mart also complains of a demonstration that Larks performed at trial in which he dropped a three-pound block onto a Styrofoam cup. The purpose of the demonstration was to demonstrate the power of kinetic energy. Wal–Mart says that the probative value of the demonstration was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and was therefore inadmissible in accordance with Rule 403 of the Texas Rules of Civil Evidence. Wal–Mart indicates that it objected to the demonstration on this basis at trial. However, an examination of the record indicates that Wal–Mart only objected to the demonstration at trial, without giving any basis. Its counsel's statement that, "It's just not fair, [it's] highly prejudicial" went not to the demonstration itself but to the fact that the matter of the demonstration was brought out before the jury, rather than outside its presence. We hold that Wal–Mart failed to preserve error under Rule 403 by failing to object to the evidence on that basis. *See Sciarrilla v. Osborne,* 946 S.W.2d 919, 924 (Tex.App.—Beaumont 1997, no writ). We overrule point of error number one.

■ Wal–Mart urges in points of error numbers two and three that there is no evidence, or, alternatively, insufficient evidence, to support the jury award of $100,000 to Garcia for past and future physical pain and mental anguish, and that there is no evidence, or, alternatively, insufficient evidence, to support the jury's award of $42,000 for her loss of earning capacity.

The jury question relating to damages listed among its elements physical pain and mental anguish and loss of earning capacity, along with other elements of damage. The question called for a total damage amount as to all of the elements of damage rather than for a specific amount as to each element. The total amount of damage found by the jury was $162,000. However, the jury wrote figures by some of the elements. These amounts were $100,000, written next to the element "Physical pain and mental anguish;" $42,000, written next to the element "Loss of earning capacity;" and $20,000, written next to the element "Medical care." The judgment, when setting forth the jury's verdict, reflected those figures as written by the jury.

■ We may not consider the jury's margin notations as separate damage awards for purposes of evidentiary review. *Thomas v. Oldham,* 895 S.W.2d 352, 359 (Tex.1995). Wal–Mart makes no argument that the evidence as a whole is insufficient to support the jury's verdict of $162,000. Wal–Mart contends that *Thomas*does not apply because the trial court included the jury's marginal notations when it incorporated the jury's findings into its final judgment. The fact that the trial court included them in its final judgment when it incorporated the jury find-

ings does not change the fact that they constitute the jurors' marginal notations. Consequently, we hold that the rule in *Thomas* applies. We do not reach the issue concerning whether the partial statement of facts before us constitutes a sufficient record to consider the sufficiency of the evidence points that Wal–Mart seeks to raise on this appeal. We overrule points of error numbers two and three.

We affirm the judgment.

GREEN, J., concurring in the judgment only.