Joe Mike EGAN, Jr. and Wife, Shari
Ann Egan, Appellants,

v.

Byron Flanary EGAN and Wife, Nancy
Dean Egan, Appellees.

No. 04–98–00636–CV.

Court of Appeals of Texas,
San Antonio.

June 23, 1999.

Rehearing Overruled Aug. 30, 1999.

of the proceeds, and dissolved the partnership. TEX.R.CIV.P. 770.

Joe Mike Egan, Jr., Kerrville, for Appellants.

Wm. Michael Childers, Kerrville, for Appellees.

Sitting: RICKHOFF, DUNCAN, and ANGELINI, JJ.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

Joe Mike Egan sought partition of a ranch he shared with his brother, Byron Flanary Egan. *See* TEX.R.CIV.P. 756–771. The trial court entered judgment on a jury verdict which found that the ranch was not partitionable and ordered the ranch sold. TEX.R.CIV.P. 770. In five points of error Joe Mike Egan complains of the jury charge, inadmissible expert testimony and of Byron Egan's conduct during the trial. We will affirm.

### FACTS AND PROCEDURAL HISTORY

Brothers (and lawyers) Joe Mike and Byron Egan owned an undivided half-interest in a 986.387–acre ranch along the Gillespie–Kerr County line. The two also had an informal partnership agreement in which they shared the expenses and profits from cattle and hunting operations. Joe Mike Egan surreptitiously engaged appraisers, drew up a partition plan, filed a rural homestead declaration on a portion of the property and, in 1995, filed suit seeking partition. A jury determined that the ranch was not capable of partition such that the two parts of the ranch were substantially equal in value and such that the two parts put together were substantially equal to the value of the undivided ranch. The jury also determined that the brothers intended to contribute use of the ranch to their partnership. The trial court entered judgment that the ranch was not capable of partition, ordered a sale and distribution

### JURY QUESTION

■ In his first issue Joe Mike Egan complains the trial judge erred in entering judgment on a jury verdict which was based on surplusage. The question complained of asked: "Do you find from a preponderance of the evidence that the ranch is not susceptible to a fair and equitable partition **between the parties**?" (emphasis supplied.)

Joe Mike Egan complains that the last three words led to the jury's answer, and the trial court erroneously allowed evidence of their strained relationship before the jury. In support, he sought to introduce affidavits from four of the ten jurors who said they recognized the history of difficult relationships between the brothers in answering this question in the negative. The trial court permitted the jurors' affidavits, as well as live testimony from three of them, only on a bill of exception. He then denied Joe Mike Egan's motion for new trial.

■ We find Joe Mike Egan did not properly preserve his objection to this jury question. All objections to the court's charge not presented in writing prior to the court's reading of the charge to the jury are deemed waived. TEX.R.CIV.P. 272; TEX.R.CIV.P. 274; *see Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986); *Baptist Mem'l Hospital Sys. v. Smith*, 822 S.W.2d 67, 74 (Tex.App.—San Antonio 1991, writ denied). Objections to the court's charge are not preserved when presented at a motion for new trial hearing. *Kirkpatrick v. Memorial Hosp. of Garland*, 862 S.W.2d 762, 770 (Tex.App.—Dallas 1993, writ denied); *Champion v. Wright*, 740 S.W.2d 848, 856–857 (Tex. App.—San Antonio 1987, writ denied).

Joe Mike Egan seeks to avoid this problem by arguing that no one could have foreseen that jurors would have seized on the language and in effect find, not that

the ranch was physically incapable of partition, but that these brothers could not live as neighbors if the ranch were divided between them. We disagree.

Joe Mike Egan's original partition proposal would have granted Byron Egan an easement by permission to access his half of the land. Whether the jury should consider the relationship between the brothers was litigated in pretrial proceedings. The trial court granted Joe Mike Egan's requested motion in limine—which sought to keep the relationship between the parties away from the jury—and vigorously policed this throughout the trial.[1] We therefore do not see this as a case that requires a special exception to the general rule.

Because the substance of Joe Mike Egan's quarrel under these points of error lies with an allegedly defective jury question, which he admits he failed to object to, we find he has waived his complaint. We therefore need not consider the applicability of TEX.R.EVID. 606(b) and TEX.R.CIV.P. 327(b) outside the context of a jury misconduct inquiry, or the constitutionality of those provisions in that context. We therefore overrule his first and second points of error.

### SANCTIONS

■ In his fourth point of error Joe Mike contends the trial court reversibly erred by failing to hold a hearing on his motion for sanctions against Byron Egan and his attorney. More specifically, Joe Mike Egan contends the trial court erred by not granting a continuance and compelling Byron's attendance to answer Joe Mike Egan's questions relating to his motion for sanctions.

Egan sought sanctions based on his brother's status as an expert in partnership law. Byron argued in pleadings and at trial that the beneficial use of the ranch had been contributed to the partnership.

Under this theory, Joe Mike Egan as managing partner would owe Byron a fiduciary duty as to his dealing with partnership assets. Hence Joe Mike Egan's designation of a rural homestead would have conflicted with his fiduciary duties toward the partnership. The jury found that the brothers intended to contribute beneficial use of the land toward the partnership.

Joe Mike Egan's motion for sanctions argued that Byron's theory was without merit, that Byron knew it, and that Byron's superior knowledge of partnership law constituted an unfair manipulation of the trial process which produced an unfair result. At a hearing on the motion to enter judgment and for sanctions, the trial court found that both Byron and Joe Mike Egan had testified, that the credibility of Byron Egan concerning this issue was resolved by the jury, and denied the motion for sanctions.

■ Sanctions under Rule 13 require, at a minimum, a finding by the trial court that the party complained of filed a groundless pleading. *New York Underwriters Ins. Co. v. State Farm Mutual Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ). Our view of this record is that the trial court determined he did not need Byron Egan's testimony to find that the complained-of pleading was in fact not groundless. On the facts of this case, we find the trial court did not abuse its discretion in this finding. Joe Mike Egan's fourth point of error is overruled.

### EXPERT WITNESS QUALIFICATION

■ In his fifth point of error Joe Mike Egan argues the trial court erred in admitting Byron's witness as an expert. We disagree.

■ If "scientific, technical or other specialized knowledge" will assist a jury in

---

1. The trial court also sought to keep this issue away from the jury by instructing them, in effect, that the ranch was not susceptible to partition if the only access to one-half of the partitioned ranch was by way of an easement by permission.

determining a fact in issue, a witness "qualified as an expert by knowledge, skill, experience, training or education" may testify thereto. TEX.R. EVID. 702. The proponent of such testimony must show the trial court that such testimony is both relevant and reliable. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). Expert testimony which is not scientific in nature does not have to meet criteria appropriate only for scientific theory in order to be admissible. *Wal-Mart Stores, Inc. v. Garcia,* 974 S.W.2d 83, 86–87 (Tex.App.—San Antonio 1998, no pet. h.). However, even when an expert is testifying in such an area, the proponent of the expert's testimony must still demonstrate the qualifications of the expert and the reliability of such testimony. *Gammill v. Jack Williams Chevrolet Inc.,* 972 S.W.2d 713, 726–727 (Tex.1998). Review of the trial court's decision to admit an expert is reviewed under the abuse of discretion standard. *United Blood Services v. Longoria,* 938 S.W.2d 29, 31 (Tex. 1997).

We find ample evidence supports the trial court's view that Byron's appraisal expert, Carl Meek Jr., was qualified to offer his expert opinion that the ranch could not be partitioned. Meek testified he had been a real estate agent engaged in the business of buying and selling ranches in the Kerr County area for more than twenty years; that his company had listed more than 300 ranches in that time; that he had worked with about two thousand ranches on which he did not have listings; that he had assisted in the partition of at least five ranches; and that he had been involved in the sale of ranches in five states. We decline to find that the trial court abused its discretion in permitting Meek to testify as an expert. We therefore overrule Joe Mike Egan's fifth point of error.

**2.** The knotty family problems generated by intense devotion to Hill Country ranches have vexed this court before. *See In the Estate of Querner,* 974 S.W.2d 159 (Tex.App.—San Antonio 1998, no writ). In that case, as here,

### INHERENT POWERS

■ In his third point of error Joe Mike Egan contends that his brother "knowingly formulated plan [sic] and design to force appellant ... to sell his undivided ½ interest in the Egan Ranch against his will by use of improper and irrelevant evidence of bad personal relations ... and then implemented said plan and design during the trial ..." He seeks to persuade this court to use its inherent judicial power to correct this "unjust result." We will respectfully decline his invitation, if for no other reason than the fact that his original petition, by seeking to grant only an easement by permission for Byron Egan to access his half of the ranch, invited the error of which he complains.[2] We therefore overrule this point of error and affirm the judgment of the trial court.

the parties may find solace in literature. *See* E.M. Forster, *My Wood,* and William Ryan, *Mine, All Mine,* in Life Studies—A Thematic Reader (David Cavitch ed.1983)