**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jeffrey Michael HARRIS, Appellee.**

No. 2–00–096–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 16, 2000.

Kevin M. Givens, Texas Dept. of Public Safety, Austin, for Appellant.

Morris & Morris, L.L.P., S. Rafe Foreman, Flower Mound, for Appellee.

1. *See* TEX.ALCO.BEV.CODE ANN. § 106.041 (Vernon Supp.2000). Harris was 20 years old at the time of the incident; however, the Transportation Code, unlike the Family Code, classifies an individual under 21 years of age as a

Panel B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

SAM J. DAY, Justice.

The Texas Department of Public Safety ("DPS") appeals a probate court ruling reversing an administrative law judge's ("ALJ") decision to uphold the suspension of Jeffrey Michael Harris's driver's license. In two points, the DPS challenges the probate court's interpretation of whether an arrest was required for the suspension of a driver's license, and in the alternative, the DPS argues that there was a valid arrest.

We reverse the probate court's order and render judgment affirming the ruling of the ALJ.

## I. BACKGROUND

On September 7, 1999, Officer Dena Williams stopped Harris for a burnt out headlight. During the stop, Officer Williams noticed a smell of alcohol, saw that Harris's eyes were bloodshot and glassy, and noticed that Harris spoke "with a thick tongue." Harris admitted that he had drunk two beers at which time Officer Williams administered the horizontal gaze nystagmus test. Harris exhibited two clues of intoxication. Officer Williams then issued Harris a citation for being a minor driving under the influence of alcohol[1] and called Harris's mother to prevent the car from having to be towed and Harris from having to go to jail. Officer Williams detained Harris until his mother and sister arrived, at which time Harris was released into his mother's custody. Officer Williams testified that Harris was under arrest until his release to his mother.

minor for purposes of license revocation. *Compare* TEX.FAM.CODE ANN. § 52.027(i) (Vernon Supp.2000) *with* TEX.TRANSP.CODE ANN. § 524.001(c)(11)(Vernon 1999).

The ALJ found that there was reasonable suspicion to stop and probable cause to arrest Harris and that Harris was driving a motor vehicle in a public place with a detectable amount of alcohol in his system. Therefore, the ALJ found that the DPS had sustained its burden of proof under section 524.035 of the transportation code and that Harris was subject to license suspension. In a footnote, however, the ALJ concluded Harris was not arrested. Harris appealed this decision to the probate court. The probate court agreed with the ALJ's statement that Harris was not arrested and reversed the administrative decision to suspend Harris's driver's license on the basis that an arrest was required.

## II. JURISDICTION

Harris argues that this court lacks jurisdiction over this appeal because there is no specific grant of jurisdiction to appellate courts in the transportation code or the Administrative Procedure Act ("APA") and this case does not involve an amount in controversy over $100. We disagree.

Chapter 524 of the transportation code provides for the appeal of an administrative decision. Tex.Transp.Code Ann. § 524.041. Under section 524.041(b), a suspension affirmed by the ALJ may be appealed to the county court at law. If there is no county court at law in the county in which the person was arrested, then the decision may be appealed to the county court. If the county judge is not a lawyer, then the case must be transferred to the district court upon the motion of either party or the judge. Id. § 524.041(b). Section 524.041(d) limits the department's right to an administrative appeal to issues of law. Id. § 524.041(d). However, this is the only guidance chapter 524 gives as to the judicial review of administrative decisions. Therefore, we must look at the

APA for further clarification. Tex.Gov't Code Ann. §§ 2001.001–.902 (Vernon 2000).

Chapter 524 of the transportation code states that the APA applies to proceedings under that chapter "to the extent consistent with" chapter 524. Tex.Transp.Code Ann. § 524.002(b). The purpose of the APA is to restate the law of judicial review of state agency action. Tex.Gov't Code Ann. § 2001.001.

■ The APA grants a person who has exhausted their administrative remedies and received a final decision in a contested case the right to judicial review. Id. § 2001.171. However, the APA states that "[a] party may appeal a final *district court judgment* under this chapter in the manner provided for civil actions generally." Id. § 2001.901(a) (emphasis added). A literal reading of this language could lead to the conclusion that a case heard in the district court would be appealable, but one heard in the county court would not be. Such an interpretation would not produce the just and equitable result we are to presume the legislature intended in enacting the statute. Id. § 311.021 (Vernon 1998); *Shirley v. Tex. Dep't of Pub. Safety*, 974 S.W.2d 321, 323 (Tex.App.—San Antonio 1998, no pet.) (holding that contrary reading would create disparate results); *see also Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex.1996) (explaining that courts should not read a statute to create an absurd result). Accordingly, we decline to read section 2001.901 so narrowly. Furthermore, there is precedent for our exercise of jurisdiction over license suspension cases. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 132 (Tex.1999); *Tex. Dep't of Pub. Safety v. O'Donnell*, 998 S.W.2d 650, 654 (Tex.App.—Fort Worth 1999, no pet.) (op. on reh'g). Therefore, we hold that we have jurisdiction over this appeal and overrule Harris's jurisdictional argument.[2]

**2.** Several courts of appeals, however, have held they do not have jurisdiction over such appeals. *Tex. Dep't of Pub. Safety v. Callen-*

*der*, 14 S.W.3d 319, 324 (Tex.App.—Houston [14th Dist.] 1999, pet. filed); *Tex. Dep't of Pub. Safety v. Barlow*, 992 S.W.2d 732, 741

## III. ARREST WAS IRRELEVANT

■ Harris asserts that his driver's license could not be suspended because the DPS did not prove that he was arrested. Chapters 524 and 724 of the transportation code require the DPS to prove different elements in a suspension hearing. *See Todd v. State,* 956 S.W.2d 777, 778 (Tex. App.—Waco 1997, pet. ref'd) (noting that issues at license suspension hearings differ depending on whether the hearing is held under chapter 524 or chapter 724). *Compare* TEX.TRANSP.CODE ANN. § 524.035(a) *with* TEX. TRANSP.CODE ANN. § 724.042. Under a chapter 724 license suspension hearing, the DPS must prove that the person was placed under arrest. TEX.TRANSP.CODE ANN. § 724.042. However, section 524.035 requires no such proof. In this case, section 524.035 required the DPS to prove only that: (1) Harris had a detectable amount of alcohol in his system while operating a motor vehicle in a public place; (2) he was a minor; and (3) Officer Williams had a reasonable suspicion to stop or probable cause to arrest him. *Id.* § 524.035(a).

■ In construing a statute, we are to give the words used their ordinary meanings and, if possible, ascertain the Legislature's intent from the language used in the statute. TEX.GOV'T CODE ANN. § 312.002(a) (Vernon 1998); *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to have been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981); *Moore v. Brown,* 993 S.W.2d 871, 874 (Tex. App.—Fort Worth 1999, pet. denied). In this case, the Legislature could have included a requirement that the DPS prove arrest to sustain a license suspension under chapter 524, but instead chose to exclude it. Accordingly, we can conclude that the Legislature intended to require the DPS to prove arrest to sustain a license suspension under chapter 724, but did not intend to impose this requirement on the DPS in a license suspension proceeding under chapter 524. Therefore, we hold that the DPS was not required to prove that Harris had been arrested in order to suspend his license.

■ To support his contention that an arrest is required, Harris relies in part on the fact that the ALJ said in a footnote to his judgment that Harris was not arrested. However, the ALJ was required to sustain DPS's suspension of Harris's driver's license if the ALJ found in the affirmative on each of the elements listed in section 524.035. Because the ALJ found in the affirmative on each of these elements, the ALJ sustained the suspension. Whether Harris was arrested was not an issue DPS had to prove to sustain the license suspension. Because section 524.035(a) did not require the DPS to prove that Harris had been arrested, we hold that the language in the footnote constitutes mere surplusage and is not a finding or conclusion that alters the suspension of his driver's license in any way. *See, e.g., Hamilton v. Rice,* 15 Tex. 382, 384 (1855); *Wal–Mart Stores, Inc. v. Garcia,* 974 S.W.2d 83, 87–88 (Tex. App.—San Antonio 1998, no pet.) (holding that a jury's notations on a verdict form were irrelevant to review the jury's findings). Therefore, we sustain Appellant's first issue.[3]

## IV. CONCLUSION

Harris did not challenge the ALJ's findings on any of the issues the DPS was required to prove under chapter 524, so the trial court should have upheld the ALJ's ruling. Instead, the trial court incorrectly concluded that the DPS also had

(Tex.App.—Waco 1999, pet. granted). For the reasons stated above, we decline to follow these decisions.

3. Because the DPS was not required to prove Harris was arrested, we need not address the arrest issue. We also need not address Harris's argument that this court lacks jurisdiction to consider whether he was arrested.

to prove Harris was arrested. Therefore, having sustained DPS's first point and overruled Harris's jurisdictional argument, we reverse the probate court's judgment reversing the ALJ's order. We render judgment upholding the ALJ's order that the DPS is authorized to suspend or deny Harris's driving privileges for 60 days.