**AFFIRM; Opinion Filed December 21, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00084-CV

**THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS, Appellant**

**V.**

**DALLAS PETS ALIVE, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00229-B**

# MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

The State of Texas by and through the City of Dallas[1] appeals a trial court's order denying its plea to the jurisdiction. In its first issue, appellant argues that a court does not have subject-matter jurisdiction over injunctive relief against a governmental entity without a valid waiver of immunity. In its second and third issues, appellant urges that the trial court lacks subject-matter jurisdiction to consider an appeal of a determination under section 822.003 of the health and safety code. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] Appellant's briefing and documents at the county courts at law identify appellant as "State of Texas by and through the City of Dallas." We express no opinion as to whether appellant represents the State of Texas by and through the City of Dallas and hereinafter will refer to the appealing party as "appellant."

BACKGROUND

In late 2016, Dallas Animal Services took in a pit bull terrier-type dog, Rusty, and soon after Dallas Pets Alive ("DPA"), a non-profit animal rescue organization, accepted Rusty and placed him in foster care. On December 16, 2017, DPA took Rusty to an adoption event held at a public park, at which Rusty bit and injured a two-year-old child. Rusty was taken to Dallas Animal Services for a mandatory ten-day bite quarantine. After that quarantine period had expired, a City of Dallas animal control officer signed an affidavit for probable cause requesting a warrant to seize Rusty for causing death or serious bodily injury to a person pursuant to section 822.002 of the health and safety code. A municipal court held a hearing to determine whether Rusty caused serious bodily injury to a person by attacking, biting, or mauling the person. Based on the testimony and evidence presented, the municipal court found that Rusty attacked, bit, and mauled a minor child, resulting in serious bodily injury to the child as defined by section 822.001(2) of the health and safety code. On January 5, 2018, pursuant to section 822.003(e) of the health and safety code, the municipal court ordered the dog to be humanely euthanized on January 16, 2018.

On January 10, 2018, DPA filed a notice of appeal in the county courts at law, seeking to appeal the municipal court order. Two days later, but before the appeal of the municipal court order was docketed, DPA filed an application for temporary restraining order ("TRO"), temporary injunction, and permanent injunction, seeking to stay the municipal court's order. In its application, DPA stated that appellant would not agree to stay the euthanization of Rusty pending the appeal of the municipal court's order and that the requested injunction was necessary to preserve the subject matter of the suit. The TRO application was assigned to County Court at Law No. 2.[2] On January 12, the trial court granted the application and signed an order directing

---

[2] The appeal of the municipal court order was later assigned to County Court at Law No. 5, and the appeal from that court's order is resolved in a separate opinion. *See State ex rel City of Dallas v. Dallas Pets Alive*, No. 05-18-00282-CV (Tex. App.—Dallas ___, 2018, no pet. h.).

appellant to cease and desist from euthanizing Rusty during the temporary restraining period and setting a hearing on the application in fourteen days ("January 12, 2018 TRO").

On January 16, 2018, appellant filed a plea to the jurisdiction in County Court at Law No. 2, urging that the county court at law lacked subject-matter jurisdiction over DPA's TRO application because of a lack of waiver of governmental immunity and because Subchapter A of Chapter 822 does not provide a right of appeal. The county court at law conducted a hearing on the plea and later issued an order dated January 22, 2018, denying appellant's plea to the jurisdiction. The following day, appellant filed its notice of accelerated appeal.

## DISCUSSION

In its first issue, appellant argues that a court does not have subject-matter jurisdiction over injunctive relief against a governmental entity without a valid waiver of immunity. Appellant urges that DPA did not have, nor did it assert, a valid waiver, but instead asserted subject-matter jurisdiction existed based on its appeal from the municipal court's order. DPA responds that this action arises out of an appeal of the municipal court order, and that appellant initiated the underlying proceeding in the municipal court, and there is no immunity from DPA's responsive suit.

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and cannot be waived. *Id.* at 443–44. An appellate court is obligated, even sua sponte, to determine the threshold question of jurisdiction. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The existence of subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

–3–

Whether subject-matter jurisdiction exists is a question of law that can be challenged, as it was here, by a plea to the jurisdiction. *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 42 (Tex. App.—Dallas 2015, pet. denied). On appeal, we review an order denying a plea to the jurisdiction de novo. *Id.*

Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *Id.* When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Id.* In performing our review, we do not look to the merits of the claimant's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.* If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* This standard mirrors our review of summary judgments. *Id.*

In this case, appellant challenged the trial court's subject-matter jurisdiction on two grounds: lack of waiver of governmental immunity and lack of subject-matter jurisdiction to consider an appeal of a determination under section 822.003 of the health and safety code.

Sovereign or governmental[3] immunity consists of two distinct components: immunity from suit and immunity from liability. *Id.* at 45. While appellant does not assert immunity from liability, it does urge that it remains immune to this suit. Immunity from suit bars an action against the state unless the state expressly consents to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d

---

[3] In our jurisprudence we employ the phraseology "sovereign immunity" and "governmental immunity" respectively to refer to the immunity applicable to the state itself, in the first instance, and to the various political subdivisions that are created by the Legislature's will and operate independently from the state itself in the second instance. *E. Vill. Ass'n*, 480 S.W.3d at 45 n.5.

636, 638 (Tex. 1999). Absent the state's consent to suit, a trial court lacks subject-matter jurisdiction. *See id.* However, where the state initiates litigation, it has no immunity from suit. *See State v. Fid. & Deposit Co. of Md.*, 223 S.W.3d 309, 310–11 (Tex. 2007).

Here, appellant initiated the underlying proceedings in the municipal court. After filing its notice of appeal, DPA filed an application for temporary restraining order, temporary injunction, and permanent injunction, seeking to stay the municipal court's order. Thus, appellant waived its immunity from suit by initiating the underlying proceedings in the municipal court. *See id.*

Additionally, as appellant concedes in its brief, an appellate court can issue injunctions to preserve its appellate jurisdiction. *See Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). DPA's application for injunctive relief urged that, "[i]n order to preserve the status quo during the pendency of the appeal of the underlying order, Dallas Pets Alive requests that the State of Texas, by and through the City of Dallas, be temporarily enjoined from killing Rusty." However, appellant further argues in its second and third issues that, because neither Subchapter A of Chapter 822 of the health and safety code nor section 30.00014(a) of the government code provide a right to appeal a court's order pursuant to section 822.003 of the health and safety code, the trial court lacks subject-matter jurisdiction to consider an appeal of a determination under section 822.003 of the health and safety code.

Appellant also raised these issues in its appeal of an order denying its plea to the jurisdiction in County Court at Law No. 5, the court to which DPA's direct appeal of the municipal court order was assigned. *See State ex rel City of Dallas v. Dallas Pets Alive*, No. 05-18-00282-CV (Tex. App.—Dallas ___, 2018, no pet. h.). In determining that appeal, we concluded that the county court at law had subject-matter jurisdiction to hear DPA's appeal of the municipal court's order pursuant to section 822.003 of the health and safety code. *See id.* Accordingly, the trial court here

–5–

properly issued the January 12, 2018 TRO in order to preserve the county court at law's subject-matter jurisdiction.

We overrule appellant's first, second, and third issues.

## STAY PENDING CONCLUSION OF INTERLOCUTORY APPEAL

On January 30, 2018, DPA filed a motion and request for emergency relief from this Court, requesting a stay of the municipal court's euthanization order during the pendency of the interlocutory appeal. While appellant's accelerated appeal proceeded in this Court, all other proceedings in the trial court, including the hearing on DPA's application for injunctive relief, were stayed pending the resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). DPA complained that in spite of that stay and because the January 12, 2018 TRO had expired, appellant sought to proceed with the euthanization of Rusty. That same day, this Court granted DPA's request and stayed the municipal court's order and further proceedings in the county court at law until the conclusion of the interlocutory appeal. With the foregoing resolution of this appeal and the related appeal in *State ex rel City of Dallas v. Dallas Pets Alive*, No. 05-18-00282-CV (Tex. App.—Dallas ___, 2018, no pet. h.), we lift this Court's stay of the proceedings and remand the case to the county court at law for further proceedings consistent with this opinion.

## CONCLUSION

We affirm the trial court's order denying appellant's plea to the jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Lang, J., dissenting

180084F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS BY AND
THROUGH THE CITY OF DALLAS,
Appellant

No. 05-18-00084-CV        V.

DALLAS PETS ALIVE, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-18-00229-B.
Opinion delivered by Justice Schenck,
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee DALLAS PETS ALIVE recover its costs of this appeal
from appellant THE STATE OF TEXAS BY AND THROUGH THE CITY OF DALLAS.

Judgment entered this 21st day of December, 2018.