Billy V. ELLIS & Nancy Ellis, Appellants,

v.

**FIRST CITY NATIONAL BANK,** Trustee, et al., Appellees.

No. 12–91–00287–CV.

Court of Appeals of Texas, Tyler.

July 26, 1993.

Rehearing Denied Oct. 13, 1993.

Weldon McFarland, Deborah Race, Tyler, for appellant.

A.D. Henderson, James R. Paxton, Palestine, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is a partition case. Appellants contend that the trial court should have ordered the subject property sold and the proceeds partitioned because the tract was incapable of being fairly partitioned in kind. Appellants also maintain that the trial court erred in apportioning the court costs in proportion to the owners' total acreage rather than the relative value of that interest. We will reverse that portion of the judgment adjudging

costs and remand the cause for a determination of costs as required by TEXAS RULE OF CIVIL PROCEDURE 778. Otherwise, the judgment will be affirmed.

The subject property contains 337.214 acres in the Trinity River Bottom in Anderson County. Before the partition, this land had been used chiefly for hunting, fishing, and camping. Plaintiffs/Appellants owned a 75% undivided interest in the land. The other twenty-eight (28) owners owned small undivided interests ranging in size from one-third of an acre to 14.05 acres. Nineteen (19) of the owners had erected dwellings on the property.

Appellants filed their suit for partition on April 20, 1989, alleging that the property was capable of being partitioned in kind. All of the parties agreed to the trial judge's order of September 7, 1989, finding the property susceptible of division in kind, setting forth the parties' undivided interests, and appointing commissioners to effect the partition. On January 22, 1990, the Appellants filed a "Motion to Withdraw Order for Partition in Kind and To Order Property Sold." The court held a hearing on March 9, 1990, and overruled the motion. A second such motion filed by Appellants was overruled without hearing on April 25, 1990. The trial court received the commissioners' second amended report June 20, 1990. The trial court heard Appellants' objections on October 19, 1990, and signed the final decree confirming partition July 19, 1991.

In their first point of error, Appellants contend that the property is incapable of an equitable partition in kind, and that therefore, the trial court reversibly erred in overruling their pre-trial motions to set aside the preliminary decree and order the property sold. Appellants argue that many witnesses, including one of the commissioners, testified that the tract could not be fairly divided in kind. They insist that the final report demonstrates the impossibility of dividing the tract so that the owners receive the improvements they had made and a proportionate or fair part of upland and lake frontage. Although owning three-quarters of the property, Appellants contend they received a much

---

lower proportion of upland and road frontage. In addition, the Appellants' tract, received in the partition, is burdened by a 40-foot access easement for the benefit of the other owners. It is the Appellants' position that several conveyances made, after the preliminary decree but before the final decree, increased the number of owners to the extent that it made partition in ·kind impossible.

Two judgments are rendered in a partition suit. *Montgomery v. Huff,* 11 S.W.2d 237, 240 (Tex.Civ.App.–Amarillo 1928, writ ref'd); *Marmion v. Wells,* 246 S.W.2d 704, 705 (Tex.Civ.App.–San Antonio 1952, writ ref'd). The first decree determines the interest of each of the joint owners or claimants, all questions of law affecting the title, and appoints commissioners and gives them appropriate directions. *Marmion,* 246 S.W.2d at 705. The second approves the report of the commissioners and sets aside to the parties their separate share. *Id.* Although the first judgment is often characterized as preliminary or even interlocutory, both judgments are final for purposes of appeal. *Id.* Matters decided in the first decree cannot be reviewed in an appeal from the second. *Id.* The subject tract's susceptibility to partition in kind was a matter determined in the first decree from which no appeal was taken. The Appellants' first point is overruled.

Appellants' second point of error maintains the trial court erred in approving the report of the commissioners and entering a decree in conformity with the report because "it was established as a matter of law that such property was not capable of being fairly and equitably partitioned in kind." The susceptibility of the tract to partition in kind is a matter that cannot be raised in the appeal of this judgment since it was concluded in the first judgment. However, in their argument under this point, Appellants also attack the partition as unequal and unjust.

If the trial court finds the report of the commissioners is "erroneous in any material respect, or unequal and unjust," it must reject the report and appoint other commissioners. Tex.R.Civ.P. 771 (Vernon Supp. 1993). The party objecting to the commissioners' report had the burden of proving that it is materially erroneous or that it unequally and unjustly partitions the property. *DeMarco v. Van Hees,* 493 S.W.2d 553, 554 (Tex.Civ.App.–Houston [14th Dist.] 1973, no writ); *Roberts v. Philpot,* 435 S.W.2d 614, 615 (Tex.Civ.App.–Tyler 1968, no writ). There was conflicting evidence on this issue. Several, including one of the commissioners, testified that they did not consider the division fair. Several parties complained that a disproportionate share of good land was awarded to other parties. However, we can find nothing in the record that, as a matter of law, would constitute a material error or conclusively demonstrate the unfairness and inequality of the partition. There was testimony that the partition was fair. *Roberts,* 435 S.W.2d at 615. Where the evidence conflicts, the resolution of the conflict is for the trier of fact. The trier of fact concluded that Appellants did not sustain their burden of proving the report of the commissioners was materially erroneous or that it unjustly partitioned the property. The trial court's judgment is not so against the great weight of the evidence as to be manifestly unjust. The Appellants' second point is overruled.

The third point contends that the trial court erred in failing to grant Appellants' motion for new trial. Under this point, Appellants raise the same arguments that· we have rejected under the first two points of error. Appellants' third point is overruled.

In their fourth point of error, Appellants claim that the trial court erred in taxing the costs incurred in proportion to the acreage in each share, rather than in proportion to value of the parties' shares.

TEXAS RULE OF CIVIL PROCEDURE 778 (Vernon 1967) provides that the court shall adjudge the costs in proportion to the *value* of each share. (Emphasis ours.) Appellants argue that the plats and field notes clearly demonstrate that at least two-thirds of the expense is attributable to the small tracts and only one-third to Appellants. In their fifth point of error, Appellants urge as reversible error the trial court's refusal to hear the testimony of the surveyor-commissioner McBride. Appellees concede that there was no testimony in the record regarding the

value of the several shares. But, they argue, there is no evidence that the allocation of costs based upon the acreage in each share would vary substantially from one based on value as required by the rules. Appellants did not attempt to introduce testimony regarding the proportionate value of their tract, but they did try to introduce evidence from the surveyor himself that would have demonstrated the unfairness of apportioning costs based on acreage alone. McBride, Appellants' bill of exception shows, would have testified that the surveying expense amounted to $9,693.79 of the total costs of just over $11,000.00. It defies common sense to argue that an acre with a dwelling on high ground has the same per acre value as 250 acres of land lying, for the most part, in the Trinity River bottom. We conclude that the record contains no evidence of value sufficient to an apportionment of costs in the manner required by TEXAS RULE OF CIVIL PROCEDURE 778. Appellants' points four and five are sustained.

That portion of the judgment apportioning costs is reversed and the cause remanded so that the trial court may determine the value of the parties' respective shares, and adjudge costs in proportion to the value of each share. In all other respects, the judgment is affirmed.