elick 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00350-CV







John V. Elick, Susan Elick Grube, Nancy Elick Basham,


and Jamie J. Elick, Appellants



v.



Sharon Beaty Long and Rhae Beaty Hall, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 88-474-C, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING








 Appellants, John V. Elick, Susan Elick Grube, Nancy Elick Basham, and Jamie J. Elick
("the Elicks") appeal from an interlocutory decree establishing percentage ownership interests in a parcel
of land located in Williamson County, Texas, and from a judgment partitioning the land. The Elicks also
appeal the trial court's disposition of funds held jointly with appellees Sharon Beaty Long and Rhae Beaty
Hall ("the Beatys"). In multiple points of error, appellants contend that the trial court erred in its calculation
of present ownership of the property and in finding that no mortgages, liens, or encumbrances had attached
to the property. Appellants also contend that the trial court erred in its judgment partitioning the property
in accordance with the commissioners' report and offsetting appellants' share of rents and revenues by
$13,398 expended for repairs. We will dismiss the portion of the appeal from the trial court's interlocutory
decree and affirm its judgment of partition.

BACKGROUND


 This dispute concerns the partition of 338.7 acres of land in Williamson County, Texas. 
In 1949 L. L. Hill's will devised the property to his son, Lonnie D. Hill, subject to the condition that Lonnie
pay $10,000 to L. L. Hill's other children (or their descendants) within five years of his death. Lonnie paid
the $10,000 with community funds. He and his wife, Ella Elick Hill, lived on the property until their deaths.

 Lonnie Hill died in 1971. His will gave his wife a life estate in the property and divided the
remainder interest equally among his eight nieces and nephews or their descendants. Ella Elick Hill
occupied the property until her death in 1987. Before her death, she had acquired two and five-eighths
of the eight remainder interests. Five of the remainder interests are held in equal shares by Sharon Beaty
Long and Rhae Beaty Hall. Charles Volney Hill, Jr. holds the other three-eighths remainder interest. In
her will Ella Elick Hill conveyed all her interest in the property to her nieces and nephews, who by partition
deed conveyed that interest to the Elicks, the appellants in this case. The present conflict pits Lonnie's
nieces and nephews and their descendants (the Beatys) against Ella's nieces and nephews and their
descendants (the Elicks) regarding their respective ownership interests in and partition of the Williamson
County property.

 The parties submitted the matter to the court on stipulated facts. By partial summary
judgment the trial court declared the property free of liens, mortgages, or encumbrances and declared the
following ownership interests in the property: Beatys 62.5%, Elicks 32.8125%, Hill 4.6875%. The trial
court then ordered a partition and appointed three commissioners to file a written report. When it was filed,
the Elicks objected to the commissioners' report. After a hearing, the court approved the commissioners'
partition of the property, partitioned the accumulated rents and revenues, offsetting $13,398 used to repair
the residence awarded to the Elicks against their share of the accumulated funds. The Elicks bring this
appeal.

 The first issue is to determine the undivided interests in this land owned by each of the
families. Central to the determination of this question is whether any portion of the land was held as
community property due to the $10,000 payment Lonnie made to his siblings during marriage. In her role
as independent executor of Lonnie's estate, Ella filed a sworn inventory listing 70.93% of the Williamson
County land as Lonnie's separate property and 29.07% as community property. The Elicks contend that
because this characterization was proper, the inventory filed in Ella's estate correctly included one-half of
this community interest (14.54%) plus the remainder interests that she had acquired before her death
(32.8125%) as Ella's ownership in the property. The Beatys insist that the land Lonnie Hill inherited from
his father was his separate property. From the district court, they sought a construction of L. L. Hill's will
and reformation of the inventories filed in both Lonnie and Ella's estates in order to declare the true
ownership in the property. Under the Beatys' characterization of the property, the Elicks would own only
the remainder interests Ella purchased from members of Lonnie's family after his death.

 The second issue concerns the existence of a lien against the property. The Elicks, in the
alternative, argue that if none of the land was held as community property, at least the property was
burdened with a lien to reimburse the community estate the $10,000, plus interest, used to pay Lonnie's
siblings. Third, the Elicks dispute the trial court's ruling that $13,398 expended to repair the residence
located on the property and awarded to them by the commissioners should be charged against their share
of accumulated rents and revenues. Finally, the Elicks argue that the evidence does not support the trial
court's finding that the commissioners' division of the land resulted in shares equal in value to the parties'
respective interests in the property. 



 DISCUSSION AND HOLDINGS

 We will address points of error one, two and three together as they all complain that the
trial court's interlocutory judgment erroneously rejected Ella Elick Hill's community interest in the property. 
The trial court rendered its order determining ownership interests on January 7, 1991; no timely appeal was
taken. In a partition case, the decree of the trial court determining ownership interests and questions of law
affecting the title, ordering partition, and appointing commissioners, although called interlocutory, is a final
judgment for the purposes of appeal. Marmion v. Wells, 246 S.W.2d 704, 705 (Tex. Civ. App.--San
Antonio 1952, writ ref'd); Ellis v. First City National Bank, 864 S.W.2d 555, 557 (Tex. App.--Tyler
1993, no writ). Matters decided in the first decree cannot be reviewed in an appeal from the second
decree finalizing the partition. Ellis, 864 S.W.2d at 557. Because appellants failed to appeal the trial
court's interlocutory decree in a timely manner, we dismiss their appeal from that decree and overrule
appellants' points of error one, two and three. 

 Even if appellants had timely appealed the decree determining ownership interests, we find
their complaints to be without merit. The ownership dispute between the parties is really a dispute over
the construction of L. L. Hill's will, which devises the property to Lonnie Hill, "in fee simple, subject to the
following qualifications and conditions: . . . Lonnie Hill shall have five years in which to pay said Ten
Thousand Dollars." Appellants contend that Lonnie Hill's payment of $10,000 to his siblings was a
condition precedent to his title to the property vesting. If this were true, Lonnie and Ella Hill's community
estate would have acquired an ownership interest in the property as appellants contend. Appellees respond
that the $10,000 payment was a condition subsequent that would have divested Lonnie Hill's title had it not
been met. A condition precedent affecting title to land is one that must take place before title can vest,
while a condition subsequent operates to defeat an estate already created and vested. City of Dallas v.
Etheridge, 253 S.W.2d 640, 642 (Tex. 1952). "And it is well settled, that, if the act does not necessarily
precede the vesting of the estate, but may accompany or follow it; if this is to be collected from the whole
will, the condition is subsequent." Bell County v. Alexander, 22 Tex. 351, 364 (Tex. 1858). 

 Analyzing L. L. Hill's will in light of these rules, we find nothing indicating that L. L. Hill
intended that Lonnie Hill was required to pay $10,000 prior to his title vesting. L. L. Hill's intention that
the property vest immediately in Lonnie Hill is clear from the language of the will. The devise in fee simple
was followed by the qualification of payment to the brothers and sisters within five years. The community
estate of Lonnie and Ella Hill did not purchase an ownership interest in the property even though community
funds were used to pay the $10,000, because that payment was a condition subsequent. Title had already
vested in Lonnie Hill. In Texas, property takes its status as separate or community when title is taken. 
Hilley v. Hilley, 342 S.W.2d 565, 568 (Tex. 1961). All property of a spouse acquired by gift, devise,
or descent is the separate property of that spouse. Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. §
5.01 (a)(2) (West 1975). Thus, Ella Elick Hill never acquired any community interest in the property. All
the community held was a right of reimbursement for the community funds expended to meet the condition
subsequent for the interest devised to Lonnie Hill by his father.

 Appellants' point of error five complains that the trial court erred by not finding a lien, claim
or other encumbrance on the property representing Ella Elick Hill's one-half interest in the community
reimbursement claim. Appellants argue that Ella Hill's one-half community interest in the claim places a lien
on the property for $5000 plus interest from 1949 to the present. The trial court found in its interlocutory
decree that the property was subject to no liens, claims, or encumbrances. The interlocutory decree was
final and appealable on January 7, 1991. See Ellis, 864 S.W.2d at 555. No appeal was taken from this
decree. Matters decided in the first decree cannot be reviewed in an appeal from the second. Id. at 557.
We overrule appellants' point of error five.

 In point of error four, appellants complain that the trial court erred in holding that all of the
$13,397.97 in joint funds expended for repair and maintenance of the improvements should be charged
solely against the Elicks' share of the joint account. The commissioners' report partitioning the property
and assigning the portion with the improvements to the Elicks was completed in June 1991 and filed with
the court on December 16, 1991. Thus, the Elicks knew by December 1991 that the improvements would
be theirs. In September 1992, the Elicks paid out of funds jointly held with appellees $13,398 for repairs
to the improvements. Pursuant to the final judgment of February 17, 1995, these improvements were
partitioned to the Elicks. Partition is an equitable division of property. Tex. R. Civ. P. 768. The
improvements were valued in the commissioners' report prior to being repaired. The pre-repair value was
one factor used to determine the number of acres and specific parcels to be partitioned among the parties. 
Had the improvements been valued after completing the repairs, the acreage partitioned to the Elicks would
have been reduced, in recognition of the increased value of the improvements. If the Elicks now receive
contribution from appellees for repairing improvements they knew they were getting in the partition and that
were valued for partition purposes before the repairs, the Elicks would be unjustly enriched at the expense
of appellees. Because no equitable justification supports appellants' complaint, we conclude that the trial
court did not err in offsetting the Elicks' share of joint funds by $13,398. We overrule appellants' point of
error four. 

 In points of error six and seven, appellants complain that the trial court erred in approving
the commissioners' report because the evidence is legally and factually insufficient to support its finding. 
In deciding a legal-sufficiency point of error, we must first consider only the evidence and inferences tending
to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. If there
is no evidence to support the finding, we must then examine the entire record to see if the contrary
proposition is established as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989). In determining a challenge to the factual sufficiency of the evidence, we must consider all the
evidence in the case, both in support of and contrary to the finding, to determine if the challenged finding
is so against the great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

 The commissioners are required to divide the property into shares, having due regard for
the quantity and advantages of each share, so the shares may be equal in value. Tex. R. Civ. P. 768. If
the trial court finds the commissioners' report is "erroneous in any material respect, or unequal and unjust,"
it must reject the report and appoint new commissioners. Tex. R. Civ. P. 771. The party objecting to the
commissioners' report has the burden of proving that it is materially erroneous or that it unequally and
unjustly partitions the property. Roberts v. Philpot, 435 S.W.2d 614, 615 (Tex. Civ. App.--Tyler 1968,
no writ). None of the parties objected to the choice of commissioners. There is no evidence in the record
of any complaint that the commissioners were partisan. Appellants did object to the commissioners' report,
and a full evidentiary hearing on the merits was held. The only testimony that the shares were unequal in
value was the opinion of the appellants themselves. There was no expert testimony that the parcels were
of unequal value. 

 The property had cultivated fields, pasture land, creek bottom, a pipe-line easement, and
road frontage. One commissioner testified that a farmer would value the cultivated land higher than the
creek bottom with its big trees and scenic beauty, but another person wanting aesthetic atmosphere would
value the creek bottom more than the cultivated fields. Evaluating parcels of property with different
characteristics, for people with varying desires and tastes, is not an exact science. Determining whether
two parcels are equal in value might depend upon the goals of the evaluator. The commissioners used the
per-acre price realized from a contemporary sale of a neighboring property with similar terrain to put a
dollar-per-acre value on the subject property. They used percentage of dollar value (not percentage of
acreage) to determine the number of acres in each parcel. Appellants requested the improvements and a
parcel connecting to an adjacent property that they own. The commissioners honored appellants' requests,
adjusting their acreage to compensate for the pre-repair value of the improvements.

 We find nothing in the record that, as a matter of law, would constitute a material error or
would demonstrate inequality or unjustness in the partition. Although different commissioners might have
used a different method to divide the property, the law does not require uniformity of method. 
Commissioners are required to partition land by value and not by mere square footage. There is evidence
in the record that the commissioners divided the property by value, not by percentage of surface. The
resolution of a conflict over the commissioners' report is for the trier of fact. Ellis, 864 S.W.2d at 557. 
The trier of fact concluded that appellants did not sustain their burden of proving the commissioners' report
was materially erroneous or that it partitioned the land unjustly. We hold that the Elicks did not prove, as
a matter of law, that the report was erroneous; nor did they prove it by the great weight and preponderance
of the evidence. Appellants' points of error six and seven are overruled.

 Appellants' point of error eight complains that the trial court erred by not finding the
property subject to liens, mortgages, or other encumbrances because there was an above the ground high
pressure pipeline located on the share awarded to the Elicks. Because appellants inadequately briefed this
point of error by making no argument and citing no authority in support of their point, we do not consider
it. See Tex. R. App. P. 74(f). Point of error eight is overruled.



CONCLUSION


 We dismiss that portion of the appeal from the trial court's decree determining ownership
interests in the property. We affirm the trial court's judgment approving the commissioners' report,
partitioning the property in accordance with the report, and offsetting the Elicks' share of joint funds by
$13,397.97 expended to repair the property they received.



 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed in Part; Dismissed in Part

Filed: July 17, 1996

Do Not Publish



factual sufficiency of the evidence, we must consider all the
evidence in the case, both in support of and contrary to the finding, to determine if the challenged finding
is so against the great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).

 The commissioners are required to divide the property into shares, having due regard for
the quantity and advantages of each share, so the shares may be equal in value. Tex. R. Civ. P. 768. If
the trial court finds the commissioners' report is "erroneous in any material respect, or unequal and unjust,"
it must reject the report and appoint new commissioners. Tex. R. Civ. P. 771. The party objecting to the
commissioners' report has the burden of proving that it is materially erroneous or that it