

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00083-CV

_____

WILLIAM T. MALONE, Appellant

V.

WILMA JANE MALONE, Appellee

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 77476

Before Morriss, C.J., Moseley and Cornelius, *JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*William J. Cornelius, Retired Chief Justice, Sitting by Assignment

MEMORANDUM OPINION

In her real estate partition action against William T. Malone, Wilma Jane Malone sought to receive, in kind, her one-half undivided interest in 241.475 acres[1] of land in Lamar County. After the parties followed a procedure not conforming with applicable rules, but not objected to by either party, the trial court awarded William the eastern 120.737 acres by a lake and awarded Wilma the western 120.738 acres adjoining a county road. William was also awarded an easement across Wilma's tract, allowing his tract access west to the county road. William appeals.

We affirm the judgment of the trial court because (1) sufficient evidence supports the judgment, (2) the challenged procedural errors were waived and harmless, (3) no error in admitting the commissioners' report was preserved, and (4) denying William a second continuance was within the trial court's discretion.

*(1)     Sufficient Evidence Supports the Judgment*

In urging that the evidence is legally and factually insufficient to support the judgment of the trial court, William claims in part that the lack of a proper and properly admitted commissioners' report in the record is fatal. Although the record contains no order appointing commissioners, apparently such appointment had been made and a report submitted to the trial court. The first words spoken by the trial court were, "My understanding is we have a report from

---

[1]The real estate was composed of four tracts of land, tract one containing 120.737 acres and tracts two through four containing 40.246 acres each.

3

the commissioners." Unfortunately, however, at that time, the commissioners' report was not filed, and no objections were lodged against it.

Nevertheless, at that hearing, the trial court heard evidence from surveyor Pat Murphy, who was hired by William. Tract one, the 120.737 acre tract, was labeled the "east side" of the property. It was bordered on the east by a lake and on the west by tracts two through four (the "west side"). Because tract one, which William wanted, was landlocked and did not have access to the county road as did the west side, Murphy testified that dividing the property's acreage in half would not yield equal value. Murphy opined that, even with an access easement, the east side would need an additional eighteen acres from the west side to become equivalent in value.

After hearing the evidence, the trial court found that the property could be divided in kind, awarded the west side to Wilma and the east side to William, and granted William an undefined access easement over the west side property. Because the court did not specify which of the three tracts on the west side would be subject to the access easement, the trial court held another hearing December 16, 2009. At that hearing, William's attorney represented to the court that "the judgment, basically, is fine," but asked that a surveyor draw out an easement and that it be included in the final decree.

After the surveyor had completed the follow-up work, on April 23, 2010, Wilma filed a motion for judgment, attaching a draft partition decree to her motion. The trial court set Wilma's motion for an April 30, 2010, hearing. William's counsel appeared at that hearing, announced

4

"not ready" because William was still in the hospital, and then told the court, "We have no objection to the entry of judgment." It was at this point that the evidence was re-opened and the commissioners' report was introduced as an exhibit.[2]

The report was not in compliance with the Texas Rules of Civil Procedure. The report, drafted October 5, 2009, was unsworn, did not list the estimated value of each share, and did not include descriptions of the division of property.[3] In its entirety, the report stated:

> As per your request, the undersigned have personally reviewed the land owned by the Charles Malone family and have determined that the division of the land Wendell Moore established, in his survey, is fair and equitable. We are of the opinion that one-half of this land would bring the same money as the other one-half. We have taken into consideration the county road frontage, the lack of easements, and the soil types in coming to this conclusion.

On April 30, 2010, the trial court entered the decree ordering partition in accordance with its November 5, 2009, pronouncement and specified William's access easement would be across tract two.

The trial court responded to William's subsequent request for findings of fact and conclusions of law. Hoping to succeed on his claim that the commissioners' report should have been excluded from the court's consideration, William challenged the legal and factual sufficiency of the evidence supporting the court's finding that "each half of the property as divided in kind per

---

[2]After the exhibit was admitted, William's counsel stated without further specificity, "Just for the record, note our objection, Your Honor." William argues that the trial court erred in re-opening the evidence after both parties had rested and closed. William did not present this argument to the trial court in his motion for new trial or otherwise. Therefore, it was not preserved, and we decline to review it. TEX. R. APP. P. 33.1.

[3]The report itself contained no description of the property, but referred to a survey conducted by Wendell Moore dividing the property into four tracts.

the commissioner[s'] report is equal."

The findings of fact entered in this case "are of the same force and dignity as a jury's answers to jury questions." *Lambright v. Trahan*, 322 S.W.3d 424, 430 (Tex. App.—Texarkana 2010, pet. filed) (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991)). We review the findings of fact by the same standards that are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id.* (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)). Conclusions of law are reviewed de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Lambright*, 322 S.W.3d at 430 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We credit evidence favorable to the finding of the court if a reasonable judge acting as a fact-finder could, and will disregard contrary evidence unless a reasonable judge could not. *Id*. As long as the evidence falls within the zone of reasonable disagreement, we will not substitute our judgment for the judgment of the trial court. *Id.* In this case, the trial court is the sole judge of the credibility of the witnesses and weight given to their testimony. *Id.* (citing *Wilson*, 168 S.W.3d at 819).

When considering a factual-sufficiency challenge, we consider and weigh all of the evidence, not just that evidence which supports the trial court's judgment. *Id*. We will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly

6

wrong and unjust. *Id.* (citing *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998)). Because we are not a fact-finder, we will not pass on the witnesses' credibility or substitute our judgment, even if the evidence would clearly support a different result. *Id.* at 407.

In this phase of the partition proceeding, the question that must be answered is whether the commissioners' report is materially erroneous or provided unequal shares, i.e., whether the commissioners fairly and adequately divided the property. *See Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ); *see also Wallace v. Wallace*, No. 96-0165-CV, 1997 WL 57248, at *2 (Tex. App.—Amarillo Feb. 12, 1997, no writ) (not designated for publication). This question, which William had the burden to prove, is one of fact. *Ellis*, 864 S.W. 2d at 557. In this case, because the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, including expert testimony, where the evidence is conflicting, the general rule is that the resolution of that question by the fact-finder will not be set aside. *Wallace*, 1997 WL 57248, at *2 (citing *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962)).

To try to meet his burden, William presented the trial court with testimony from Murphy, who believed the east side would need to include eighteen more acres of land than the west side to be of equal value. No other evidence suggesting that the commissioners' report was unfair or unjust was presented.[4] The court, as finder of fact, could believe that Murphy's testimony did not

---

[4]Although William's son testified at trial, he could not determine the value of either piece of land, and did not contribute to the question the trial court was required to answer.

7

establish that the commissioners' report was materially erroneous or unequal. Thus, the court was free to adopt the commissioners' report instead of appointing new commissioners to the case. *Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.); *Campbell v. Tufts*, 3 S.W.3d 256, 259 (Tex. App.—Waco 1999, no pet.); *Ellis*, 864 S.W.2d at 557.

The evidence was legally and factually sufficient.

*(2)     The Challenged Procedural Errors Were Waived and Harmless*

William complains on appeal that the trial court generally failed to comply with Rules 761–69 of the Texas Rules of Civil Procedure. Because the commissioners' report was never filed, and the clerk never sent notice of the report, William claims he missed his opportunity to object to it, which would require the court to consider whether it was erroneous in any material respect, or unequal and unjust. Because William was not afforded the contemplated opportunity to contest the commissioners' report, he believes the trial court erred in relying on it. He also argues that the report should not have been considered because it did not comply with the Texas Rules of Civil Procedure.

Citing cases reversing judgments for failure to appoint commissioners in partition actions, William complains of:   (1) the lack of an order appointing the commissioners as required by Rule 761; (2) failure to issue a writ of partition pursuant to Rule 762, designed to give notice to commissioners of their appointment; (3) failure to serve the writ of partition as required by Rule 763; and (4) failure to obtain return of the writ pursuant to Rule 765.

8

Our analysis leads us to conclude that these deficiencies were both waived and harmless.

A normal judicial partition involves a two-step process.[5]  *Snow*, 242 S.W.3d at 572; *Woodland v. Wisdom*, 975 S.W.2d 712, 714 (Tex. App.—Texarkana 1998, no pet.).  In the first phase, yielding a separate appealable order, the trial court determines "the share or interest of each of the joint owners or claimants, and all questions of law or equity affecting the title to such land"; decides whether the property is susceptible to partition; and appoints three commissioners to partition the property "in accordance with the respective shares or interests of each of such parties entitled thereto."  *Snow*, 242 S.W.3d at 572; *see* TEX. R. CIV. P. 760, 761.  Because the court applies rules of equity in determining how the property is to be divided, any proof or considerations which may warrant awarding a particular portion of the property to one of the parties must be made to the fact-finder at this time.  *Snow*, 242 S.W.3d at 572.

Next, the appointed commissioners make the actual division of property in accordance with the court's decree.  *Id.*  Action during the second phase of the suit begins when the commissioners file a written report under oath describing, *inter alia*, the property division, number of shares and the land which constitutes each share, and the estimated value of each share.  TEX.

---

[5]"Since the normal two-step partition process yields two appealable orders, Texas courts have uniformly held that matters decided in the first hearing cannot be challenged in an appeal from the trial court's second order adopting the commissioners' report and partitioning the property."  *Snow*, 242 S.W.3d at 572 (citing *Campbell*, 3 S.W.3d at 259).  As explained herein, the trial court issued only one final appealable order in this case.  That fact has been confirmed by the Lamar County District Clerk.  Because the two-step partition procedure was not followed, we find that we have jurisdiction to address all of William's complaints.

R. CIV. P. 769. When the commissioners' report is filed, the "clerk shall immediately mail written notice of the filing of the report to all parties." *Id.* "Either party to the suit may file objections to any report of the commissioners in partition within thirty days of the date the report is filed, and in such a case a trial of the issues thereon shall be had." TEX. R. CIV. P. 771. In the second partition decree, the trial court either approves the commissioners' report and partitions the property, or rejects the report and appoints new commissioners to partition the land if it finds the existing report "to be erroneous in any material respect, or unequal and unjust." *Id.*; *Snow*, 242 S.W.3d at 572. Untimely challenges to the commissioners' conformity with the Texas Rules of Civil Procedure are waived. *Snow*, 242 S.W.3d at 573.

First, we hold that the challenged procedural defects were waived.

We find nothing in the record demonstrating that William made any specific objection regarding these matters or otherwise apprised the trial court of any concerns about them he might have had at trial. In fact, the record reflects that William's counsel told the trial court that there was no objection to the entry of judgment. We also note that William's appellate brief states that the "court and parties all agreed to the appointment" of commissioners.

To preserve an error for review on appeal, the record must show (1) that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the complaint with sufficient specificity to make the trial court aware of the complaint and (2) that the trial court expressly or implicitly ruled on the request, objection, or motion. TEX. R. APP. P.

10

33.1(a)(1), (2); *see City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 73 (Tex. 2000). For example, Rule 771 of the Texas Rules of Civil Procedure provides that a party in a real estate partition action may object to the commissioners' report, but a complaint cannot be made about the report on appeal if it is not made by objection to the trial court. *Bierschwale v. Bode*, 755 S.W.2d 562, 564–65 (Tex. App.—San Antonio 1988, no writ). None of these errors were preserved for our review.

We also believe these problems were harmless.

We may not reverse a trial court's judgment unless the error complained of "probably caused the rendition of an improper judgment; or probably prevented [William] from presenting the case to the court of appeals." TEX. R. APP. P. 44.1. The harmless error rule applies to all errors, even those involving the violation of procedural rules couched in mandatory language. *Lone Star Steel v. Scott*, 759 S.W.2d 144, 147 (Tex. App.—Texarkana 1988, writ denied). Although the trial court did not follow procedure, it is also clear that the commissioners were somehow notified of their appointment. William fails to establish any harm occurring from failure to follow Rules 761–63 and 765.

William attempts to show how the lack of the proper two-tiered partition structure compromised the commissioners' actions. Rule 766 required the commissioners to proceed to "partition the real estate described in the decree of the court in accordance with the directions contained in such decree . . . ." TEX. R. CIV. P. 766. Here, the trial court did not issue any such

11

decree determining the respective shares of the parties after a balance of the equities, taking into account any improvements on the land as required by Rule 760. *Campbell*, 3 S.W.3d at 259 (proof is made to fact-finder of existence and value of improvements to property at time of partition and of other equitable considerations which may warrant awarding particular portion of property to one of parties). William argues the commissioners divided the property in half instead of assessing the monetary value of each tract and giving each party one-half of the value of the property. He points to the lack of assessment of value of each parcel of land as required by Rule 769. Again, though it is clear that proper procedure was not followed, the commissioners reported "half of this land would bring in the same amount of money as the other half." Thus, harm is not shown, especially considering William's counsel's statement that there was no objection to the entry of judgment.

*(3)     No Error in Admitting the Commissioners' Report Was Preserved*

Among other complaints, William alleges that the commissioners' report was unsworn hearsay that should not have been considered as evidence.[6]

Yet, the trial court may adopt the report of the commissioners unless there is an objection to the report. A hearing is not held until such objection is made. *Hershey v. Duncan*, Nos. 13-01-688-CV, 13-02-673-CV, 2004 WL 2471679, at *3 (Tex. App.—Corpus Christi Nov. 4, 2004, pet. denied) (not designated for publication) (citing *Redden v. Hickey*, 308 S.W.2d 225, 229

---

[6]Wilma points out that Rule 771 requires that any objection to the commissioners' report be made within thirty days of the date the report is filed, or it is waived. TEX. R. CIV. P. 771; *Snow*, 242 S.W.3d at 573. Because the report was never filed, we decline to employ Rule 771 in this instance.

12

(Tex. Civ. App.—Waco 1957, writ ref'd n.r.e.)). In holding such a hearing in this case, the trial court apparently entertained objections to the commissioners' report. Unless first timely presented to the trial court with sufficient specificity, we may not consider new complaints on appeal. TEX. R. APP. P. 33.1. We find that counsel had an opportunity to present any objection to the trial court at the November 5, 2009, hearing, and that complaints concerning the commissioners' report should have been presented at that time. Because no objection was presented, we overrule William's contention.[7]

*(4)* *Denying William a Second Continuance Was Within the Trial Court's Discretion*

The trial court originally set the case for an August 18, 2009, trial. Due to medical problems resulting in William's hospitalization, the court granted him a first continuance and reset the matter to be heard November 5, 2009. On the day of the reset hearing, counsel filed a second motion for continuance because William was in the hospital. The court denied the motion over counsel's plea that William wanted to present evidence of improvements to the property.

The decision to grant or deny William's motion for continuance was within the trial court's sound discretion. *In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). The Texas Rules of Civil Procedure state that a continuance shall not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Here, there is

---

[7]Even had there been a proper presentation to the trial court of the many objections to the commissioners' report within William's brief, again, William would be required to demonstrate harm while seeking to overcome his counsel's statements to the trial court that there was no objection to the entry of judgment.

13

no suggestion that Wilma agreed to the November 5, 2009, continuance or that any continuance was required as matter of law.  On appeal, William complains that the trial court should have granted the second motion for continuance because he was the only witness who "had knowledge as to why the fence on the property gave him more land, and what he did to improve the value." Rule 252 of the Texas Rule of Civil Procedure requires:

> If the ground of such application [for continuance] be the want of testimony, the party applying therefore, shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; [and] that such testimony cannot be procured from any other source . . . .

TEX. R. CIV. P. 252.

Thus, "[m]ere absence of a party does not automatically entitle him to a continuance." *Ngo v. Ngo*, 133 S.W.3d 688, 693 (Tex. App.—Corpus Christi 2003, no pet.); *Jones v. John's Cmty. Hosp.*, 624 S.W.2d 330, 332 (Tex. App.—Waco 1981, no writ) (citing *Brown v. Brown*, 599 S.W.2d 135, 137 (Tex. App.—Corpus Christi 1980, no writ) (denying motion for continuance where party was in hospital)).  Where there is a complete lack of diligence, a trial court is not required to grant a continuance.  *Ngo*, 133 S.W.3d at 693.  William's verified motion stated only that he was experiencing health problems and would not be able to attend the trial.  At the hearing, William's counsel merely stated, "My client is in the hospital."  Before the trial court denied the continuance, there was no argument made to the court that William's presence was required because his testimony would be material, and no showing of diligence.  Therefore, we find the

14

trial court acted within its sound discretion in denying the second motion for continuance filed on the day of trial.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:      December 23, 2010
Date Decided:        January 7, 2011