# NO. 12-15-00226-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD THOMPSON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *BLACKBERRY LC (AKA, BOB ANDERSON),* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Thompson, appealing *pro se*, appeals from an order in a partition action, in which the trial court ordered the sale of two tracts of land. Blackberry, L.C. filed a motion to dismiss the appeal. We affirm in part and dismiss in part.

## BACKGROUND

Blackberry filed a partition action against numerous defendants, including Thompson. Blackberry alleged that it, along with the defendants, jointly owned two tracts of land. Blackberry claimed that the property could not be partitioned in kind. On November 21, 2014, the trial court signed an order (the November order) that (1) identified Blackberry and all defendants as the property owners, (2) identified the parties' respective interests, (3) found that the property is not subject to partition in kind, (4) ordered the property sold, (5) appointed a receiver to conduct the sale, and (6) ordered that the sales proceeds be distributed in accordance with the parties' interests.

The receiver subsequently submitted a report to the trial court, in which the receiver stated that he solicited offers from the current owners and that Blackberry made the only offer. The receiver recommended that the trial court accept Blackberry's offer for a total purchase price of $210,741.70. On April 24, 2015, the trial court approved the proposed sale of the property

and authorized conveyance of the property to Blackberry (the April order). Thompson filed a motion to strike the April order, which the trial court treated as a motion for new trial and denied it.

The receiver later filed an application to be discharged, which stated that the sale of the property was completed on July 23, 2015. On August 3, the trial court signed an order discharging the receiver and ordering disbursement of the sales proceeds (the August order). On August 14, Thompson filed a notice of appeal identifying the August order as the order he was challenging.

## APPELLATE COMPLAINTS

On appeal, Thompson identifies twelve complaints about the trial court proceedings. He challenges the trial court's partition of the property. He also asserts complaints regarding the property's market value and title, the parties' shares, and the distribution of the sales proceeds. He contends that the sale is null, void, and the product of fraud. Thompson also maintains that he was not properly served with documents throughout the proceedings. Blackberry filed a motion to dismiss the appeal for lack of jurisdiction.

## MOTION TO DISMISS

In its motion to dismiss, Blackberry argues that this Court lacks jurisdiction over Thompson's complaints because he failed to timely appeal from the trial court's partition orders. We agree.

A partition case consists of two orders that are both final and appealable. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex.1980); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no pet.). In the first order, the trial court determines the share or interest of each owner, all questions of law or equity affecting title, and whether the property is subject to partition or sale. TEX. R. CIV. P. 760, 761, 770; *Ellis*, 864 S.W.2d at 557. In the second order, the trial court confirms the receiver's actions. *See Ellis,* 864 S.W.2d at 557; *see also Little ex rel. Thompson v. Thompson*, No. 12-01-00283-CV, 2002 WL 1017847, at *4 (Tex. App.—Tyler May 14, 2002, pet. denied) (not designated for publication). Each order must be appealed within thirty days after the judgment is signed or ninety days if a timely motion for new trial is filed. *See* TEX. R. APP. P. 26.1; *see also Ellis*, 864 S.W.2d at 557.

To appeal the November order, Thompson was required to file a notice of appeal by December 22, 2014.  To appeal the April order, for which the trial court denied Thompson's "motion for new trial," Thompson was required to file a notice of appeal by July 23, 2015.  However, Thompson did not file a notice of appeal until August 14, 2015.  Therefore, we lack jurisdiction to address the issues Thompson raises pertaining to these two orders.  *See* TEX. R. APP. P. 26.1; *see also* ***Long v. Spencer***, 137 S.W.3d 923, 926 (Tex. App.—Dallas 2004, no pet.) (order approving proposed sale of property in partition suit must be appealed before property is sold); ***Ellis***, 864 S.W.2d at 557 (matters determined by first order in partition suit may not be reviewed in appeal from second order).[1]

As to the August order, Thompson's notice of appeal is timely, and this Court has jurisdiction to consider any complaints arising from the August order.  However, Thompson has not presented any appellate issues that pertain to this order.[2]

## DISPOSITION

Because we lack jurisdiction to consider the issues Thompson presented on appeal with regard to the November and April orders, we ***grant*** Blackberry's motion to dismiss in part.  We ***dismiss*** the appeal for lack of jurisdiction as to the trial court's November and April orders.  Because Thompson has presented nothing for our review with regard to the August order, we ***affirm*** the trial court's August order.

**BRIAN HOYLE**
Justice

Opinion delivered May 27, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] Thompson incorrectly asserts that the trial court lacked authority to act in the partition suit.  The trial court, a Gregg County court at law, had jurisdiction to preside over the partition suit and issue orders as needed.  *See* TEX. PROP. CODE ANN. § 23.002(a) (West 2014); *see also* TEX. GOV'T CODE ANN. §§ 25.0003(a), 25.0942 (West Supp. 2015); ***Thomas v. McNair***, 882 S.W.2d 870, 876-77 (Tex. App.—Corpus Christi 1994, no pet.).

[2] Even had Thompson timely appealed, his briefing fails to provide appropriate citations to the record, citations to applicable authorities, and substantive legal analysis supporting his complaints.  *See* TEX. R. APP. P. 38.1(i); *see also* ***Valadez v. Avitia***, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).  Thompson also failed to provide this Court with a copy of the reporter's record.  Absent adequate briefing and a complete record, Thompson presents nothing for our review.  *See* ***WorldPeace v. Comm'n for Lawyer Discipline***, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also* ***Green v. Kaposta***, 152 S.W.3d 839, 841 (Tex. App.—Dallas 2005, no pet.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 27, 2016

NO. 12-15-00226-CV

**RICHARD THOMPSON,**
Appellant
V.
**BLACKBERRY LC (AKA, BOB ANDERSON),**
Appellee

Appeal from the County Court at Law No 2

of Gregg County, Texas (Tr.Ct.No. 2014-349-CCL2)

   THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that this Court is without jurisdiction of that portion of the appeal regarding the November 21, 2014 and April 24, 2015 orders, that portion of the appeal pertaining to those orders should be ***dismissed for want of jurisdiction***; and that the trial court's August 3, 2015 order is ***affirmed***.

   It is therefore ORDERED, ADJUDGED and DECREED by this Court that the portion of the appeal regarding the November 21, 2014 and April 24, 2015 orders be, and the same is, hereby ***dismissed for want of jurisdiction***; that the trial court's August 3, 2015 order is ***affirmed***; that all costs of this appeal are hereby adjudged against the Appellant, **RICHARD THOMPSON,** for which execution may issue, and that this decision be certified to the court below for observance.

   Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*